### WISE *et al.* v. ROSENBLATT.

(*Common Pleas of New York City and County, General Term.* January 5, 1891.)

CONTRACT—MUTUALITY—PAROL EVIDENCE.

Receipts signed by defendant for moneys advanced to him by plaintiffs, pursuant to agreement between them, on consignments of shoes by defendant to plaintiffs, ac-knowledged the receipt of the money from plaintiffs "on account of all goods con-signed to them, the same to be sold at their discretion, without limit as to time or price." *Held* that, in an action by plaintiffs against defendant for a balance of such advances in excess of the proceeds of sales, oral evidence was admissible for

defendant of a guaranty by plaintiffs to defendant, made at the time of, and as part of, the agreement, that the shoes would, on a sale, realize not less than a certain price. Following *Routledge* v. *Worthington Co.*, 23 N. E. Rep. 1111, 119 N. Y. 592; *Curtis* v. *Soltau, ante,* 285.

Appeal from eleventh district court.

Action by Leopold Wise and Charles Wise against William Rosenblatt, to recover an alleged balance of advances made upon a consignment of merchandise. Plaintiffs appeal from a judgment for defendant dismissing the complaint and for the amount of a counter-claim. For former report, see 9 N. Y. Supp. 500.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*John J. Thomasson,* for appellants. *Henry Steinert,* for respondent.

BISCHOFF, J. The facts of this case, so far as they are apparent from the record before us, are, briefly stated, as follows: Plaintiffs were auctioneers and commission merchants in the city of New York, under the firm name of L. & C. Wise. About March 20, 1889, the defendant consigned to the plaintiffs 825 pairs of shoes for sale, upon which plaintiffs agreed to make advances. These advances appear to have been made in three installments, amounting in the aggregate to $655. For each of these installments the defendant, at the request of plaintiffs, signed and delivered a receipt in the following words:                                    "MARCH 20, 1889.

"Received of L. & C. Wise ——— dollars, advance invoice of Mar. 20th, 1889, on account of all goods consigned to them; the same to be sold at their discretion, without limit as to time or price.

"$———                              [Signed]      WM. ROSENBLATT."

Plaintiffs having disposed of the merchandise consigned, claimed that after deducting 10 per cent., the amount of their agreed commissions, the balance of the proceeds of sale were short of the advances made $48.72, and for the recovery of this balance of advances this action was brought. On the trial the facts above stated do not appear to have been controverted, but the defendant insisted that at the time of the agreement for the consignment of the merchandise by the defendant to the plaintiffs, the latter, as part and parcel of such agreement, had entered into a guaranty with the defendant that the shoes would, on a sale, realize not less than $1.25 per pair; and the principal contention on the trial was as to the admissibility of the oral testimony introduced by the defendant, and allowed by the trial justice against the objection and exception of plaintiffs' counsel, tending to establish the fact of the alleged guaranty. If this oral testimony was properly admitted, it sufficiently established the guaranty, and the trial justice being authorized to determine the facts, no jury trial having been demanded, it was competent for him to accept the testimony of defendant's witnesses, and, upon a mere conflict of testimony in that respect, the appellate court will not interfere.

Upon the first appeal herein, (9 N. Y. Supp. 500,) it appeared that the justice in the court below had rendered a judgment in favor of defendant without allowing him for the counter-claim demanded, and which did not appear to have been withdrawn. There was an apparent inconsistency in this. On the uncontroverted proof, in support of their claim for the balance of the advances made, the plaintiffs were entitled to judgment, unless the defendant had shown himself entitled to the amount of his counter-claim; and, as the justice had not determined the counter-claim in defendant's favor, he could not fail to award judgment to the plaintiffs for the amount, which, but for the counter-claim, so far as could be ascertained from the record of the appeal, was concededly due. To obviate this inconsistency the judgment was reversed, and a new trial ordered. The parties thereupon again appeared in the court below, and, for the purposes of a retrial, submitted the evidence taken upon the former trial to the justice for his determination. Upon this

second trial the justice found for the defendant for the full amount of his counter-claim, and we are thus, for the first time, enabled fairly to consider the sufficiency of the evidence in support of the judgment. It is contended by counsel for the appellants that the receipts signed and delivered by the defendant at the time of the advances to him, in so far as they are expressive of the terms upon which the consignment was made, are not open to contradiction by parol evidence, and, for the purposes of this appeal, as an abstract proposition of law, this contention may be conceded to be well founded. But the defendant is not precluded because of these receipts from showing the terms of the plaintiffs' agreement, and the nature and extent of their undertaking. These receipts, being subscribed by the defendant only, cannot be said to constitute the agreement between the parties to this action. They are unquestionably evidence of what the defendant agreed to do, but they fail to show what the plaintiffs undertook to do, in consideration of the defendant's promise.

A mere unilateral engagement is not a contract. "A. agrees to work for B., for wages. What A. says is a promise, so far as concerns himself, and a consideration so far as concerns B.; what B. says is a promise so far as concerns himself, and a consideration so far as concerns A." Whart. Cont. § 493. In just such a case as the one at bar, the court of appeals, in considering the question whether or not a memorandum subscribed by only one of the parties to the agreement can be said to constitute the sole evidence of the contract, to the exclusion of parol evidence of what the engagement of the party not signing was, says: "We think the instrument cannot be so construed. It acknowledges an order for certain articles, a period of delivery, and a price. It is an admission of these things by the party signing it, and not at all the contract of both,—a mere memorandum to show what had been ordered, that one party might know what they were to supply, and the other what they were to receive, and so avoid a double order. * * * But even an agreement may be valid, although only a part is in writing, and while as to that part the writing is conclusive, parol evidence may be used to show the rest. *Chapin* v. *Dobson,* 78 N. Y. 74. We think, therefore, no error was committed by the trial court in receiving the parol testimony, and, under it and the verdict of the jury, an express warranty, as to the quality of the goods agreed to be furnished, must be deemed established." *Brigg* v. *Hilton,* 99 N. Y. 517, 3 N. E. Rep. 51. And in *Routledge* v. *Worthington Co.,* 119 N. Y. 592, 23 N. E. Rep. 1111, GRAY, J., in the consideration of the same question says: "In respect to this particular transaction, it was perfectly competent for the defendant to prove a separate and distinct undertaking of the plaintiffs with it, that they would not affect its trade by reducing the trade price. * * * The cases of *Chapin* v. *Dobson,* 78 N. Y. 74, *Van Brunt* v. *Day,* 81 N. Y. 251, and *Brigg* v. *Hilton,* 99 N. Y. 517, 3 N. E. Rep. 51, fully sustain the proposition that, in such a case as this, where the agreement of the plaintiff rested in parol, it is open to proof. The rule which rejects parol evidence, when offered with respect to a contract between parties, and put into writing, has no application to a case like this, where, of the original agreement which has been executed, a part only is in writing, and the rest was verbal. The principle of liability is the same, whether the whole transaction be embodied in one written instrument, setting forth the respective obligations of both parties, or whether it takes the form of a separate undertaking by each party. Whether we regard the writing of the defendant as an order or as an agreement is quite immaterial. In either view, it was an admission only of the defendant's engagement." The point raised by the appellants' counsel on the appeal in this case is also fully considered in the case of *Curtis* v. *Soltau, ante,* 285, (decided by the general term of this court for November, 1890,) the opinion in which is about to be announced. The last mentioned opinion is also to the effect that parol evidence of the engagement

of the party not subscribing the memorandum is admissible.   It follows that while the defendant could not have been permitted to contradict or vary the terms of his own engagement so far as they have been reduced to writing and subscribed by him, he is not precluded from showing by parol what the plaintiffs promised to do in consideration of his engagement, and inasmuch as it does not appear that the plaintiffs' engagement was also reduced to writing and properly subscribed, it necessarily follows that resort must be had to parol evidence to ascertain the terms of the agreement on plaintiffs' behalf. The guaranty claimed by the defendant to have been made by the plaintiffs was, substantially: "If these goods, upon a sale thereof, fail to realize $1.25 per pair, we will be answerable to you for the difference between that amount and the price obtained." This is not in conflict with the defendant's engagement that plaintiffs may sell the shoes without limit as to price, and the promise of the plaintiffs to be answerable to the defendant for the difference between the amount actually realized on a sale and $1.25 per pair may, in all probability, have been made with a view of inducing the defendant to intrust the plaintiffs with the sale, the plaintiffs entertaining, for the time being, the opinion that the goods would not upon a sale realize less than the amount stated.   For the reasons above stated we cannot predicate any error on the part of the trial justice in allowing parol evidence to be given on defendant's behalf of the plaintiffs' guaranty.   The judgment should be affirmed, with costs.