(4 Misc. Rep. 600; mem. report without opinion.)

FULD v. KAHN.

(Common Pleas of New York City and County, General Term. August 9, 1893.)

ACTION FOR AGREED PRICE—EVIDENCE—JUDGMENT.

In an action to recover $50 as agreed compensation for services performed by plaintiff's assignor, where defendant denies the agreement, and the assignor swears that there was one, and the complaint is not amended so as to claim the reasonable value of the services, and no evidence of such value is given, plaintiff is entitled to recover $50 or nothing, and a judgment for $25 will be reversed.

Appeal from seventh district court.

Action by Sigmund Fuld against Abraham Kahn.    From a judgment for plaintiff, defendant appeals.    Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Leonard J. Langbein, for appellant.
Leopold Moschovitz, for respondent.

BISCHOFF, J.   Plaintiff sued to recover the sum of $50, the alleged agreed compensation of his assignor for services which the latter claimed to have performed at defendant's request.   Defendant denied the making of such agreement, and the justice below gave judgment for plaintiff for $25.   It is obvious that the judgment is not consistent with the facts in evidence, and so should be reversed.   Wise v. Rosenblatt, (Com. Pl. N. Y.) 9 N. Y. Supp. 500, and 12 N. Y. Supp. 288.   The determination of the controversy rested in the conflicting contentions of the parties.   Crediting the statements of plaintiff's assignor, the recovery should have been for $50; discrediting them, defendant was entitled to judgment.   The complaint was not amended to enable the action to proceed as one to recover the reasonable value of the services, nor was any evidence whatever introduced for either party from which the justice could determine such values.   The recovery, therefore, was not "secundum allegata et probata."   Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. Rep. 698.   Judgment reversed, and new trial ordered, with costs. to appellant to abide the event.