(7 Misc. Rep. 709.)

## PIONIER v. ALEXANDER.

·(Common Pleas of New York City and County, General Term. April 2, 1894.)

JUDGMENT—VARIANCE—PLEADING AND PROOF.

Where plaintiff is entitled to the amount sued for or nothing, judgment for part of such amount cannot stand.

Appeal from third district court.

Action by Alfred Pionier against John E. Alexander to recover wages alleged to be due. From a judgment in favor of plaintiff, ren-·dered by the justice without a jury, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Henry G. Harris, for appellant.
Elias Rosenthal, for respondent.

BISCHOFF, J. The plaintiff sued to recover the sum of $152.50, ·the amount claimed being made up of wages for 10 weeks at $15 per week, and an item of $2.50 for materials furnished. By the ·plaintiff's evidence it was sought to establish the existence of a con-tract of hiring for these 10 weeks, and the plaintiff's due perform-.ance. To the contrary appears the defendant's evidence that there was no such contract, that plaintiff had been "laid off," and that ·$40 had been paid him by defendant from time to time, more as an act of charity than for any other reason. Plaintiff admitted that ·$15 had been paid him when computing the amount of his claim, as appears from the bill of particulars. The justice rendered judgment in favor of the plaintiff in the sum of $58.50, exclusive of costs, and from this judgment the defendant appeals.

In view of the rule that a judgment must be secundum allegata ·et probata, it is clear that this appeal should prevail. By accept-ing the plaintiff's evidence as true, the justice should have awarded the full amount claimed. On the other hand, had he believed the defendant's witnesses, a judgment for the defendant should have re-·sulted. It is true that a recovery of $127.50 might have been had, in view of the defendant's testimony that he had paid plaintiff $25 more than such plaintiff admitted having received during the period ·in question; ; but in no aspect of the case is the judgment, as ren-

dered, to be supported. See Fuld v. Kahn, 4 Misc. Rep. 600, 24 N. Y. Supp. 558. Judgment reversed, and new trial ordered, with costs to abide the event.