(10 Misc. Rep. 758.)

ROBINSON v. FICKEN.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

JUDGMENT—SPECULATIVE COMPUTATION.

In an action for the price of goods, defendant set up a counterclaim for commissions on sales effected by him for plaintiff's assignor, and

gave evidence that his commissions were to be 15 per cent. of the amount of his sales, and that the catalogue price of the goods sold aggregated a certain sum. Plaintiff's assignor testified that a trade discount was allowed to the purchasers of "from 20 to 50 per cent.," but no further particulars were given as to the discount. *Held,* that a judgment based on a discount of more than 20 and less than 50 per cent. was not secundum allegata et probata.

Appeal from Third district court.

Action by William R. Robinson against H. Edwards Ficken. From a judgment in favor of plaintiff for $29.12, rendered by the justice without a jury, plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Phillips & Avery, for appellant.

Walter W. Menzel, for respondent.

BISCHOFF, J.    This is an action for goods sold and delivered by plaintiff's assignor to the defendant. The amount claimed by the plaintiff, $249.62, was admitted to correctly represent the value of the goods, and the trial proceeded upon the separate defense set up by the defendant that at the time of the sale an agreement had been entered into whereby payment for the goods in question was to be made by setting off against their value the amount of certain commissions to be earned by the defendant in influencing trade to Moore, plaintiff's assignor. Upon the trial there was a conflict between the testimony of Ficken and that of Moore regarding the terms of this agreement, but, according to the respondent, these terms were that 15 per cent. of the amounts charged by Moore for goods sold at the defendant's recommendation should be allowed for commissions, and in support of his offset as claimed defendant gave testimony as to the amount of goods thus sold through his influence; the total value of these goods at Moore's catalogue prices aggregating $2,115. Moore testified that there was a trade discount allowed to purchasers of these goods of "from 20 to 50 per cent.," but no further particulars as to this discount, and in what cases it was actually allowed to the purchasers, were given. Judgment was rendered in favor of the plaintiff for $29.12, an offset of $220.50 being thus allowed to the defendant. The evidence fails to disclose any basis upon which this result could be obtained, unless we assume that some items of the defendant's claim were arbitrarily disallowed, while his statement in the main was credited by the justice; or that some discount of more than 20 and less than 50 per cent. was taken from the list prices of the total amount of trade claimed to have been secured to Moore by defendant. A judgment based upon any such speculative method of computation cannot be said to be secundum allegata et probata (Fuld v. Kahn, 4 Misc. Rep. 600, 24 N. Y. Supp. 558), and is not, therefore, to be supported. Judgment reversed, and new trial ordered, with costs to abide the event.