Com. Pl.] METZ *v.* CAMPBELL PRINTING-PRESS & MANUF'G CO. 155

(11 Misc. Rep. 284.)

METZ v. CAMPBELL PRINTING–PRESS & MANUF'G CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

VERDICT—WHEN NOT SECUNDUM ALLEGATA ET PROBATA.

In an action to recover money alleged to be due from defendant to plaintiff on a contract the only issue litigated was the existence of the alleged contract. *Held*, that plaintiff was entitled to the whole amount sued for or nothing, and a verdict for a part thereof was not secundum allegata et probata.

Appeal from trial term.

Action by Albert Russell Metz, trading as Albert Metz & Co., against the Campbell Printing-Press & Manufacturing Company, to recover money alleged to have been received by defendant for the use of plaintiff. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

Chas. De Hart Brower, for appellant.
Elgin L. McBurney, for respondent.

BISCHOFF, J. The plaintiff was the owner of a printing establishment, the chattels appurtenant to which were mortgaged to the defendant. It was mutually agreed by the parties that, for the purpose of paying the debt, the chattels should be sold under a foreclosure of the mortgage, which latter contained a clause to the effect that upon such a sale the mortgagee should be entitled to deduct from the proceeds, for necessary expenses, "lawyers' fees and commissions for making sale." The plaintiff contended that it was also agreed, at the time, that the expenses of the sale should not exceed 5 per centum of the proceeds, but this the defendant disputed. The proceeds realized, and received by the defendant, amounted to $2,926.52, from which it deducted $292.60, for auctioneer's fees, and $56.50, for attorney's fees,—an aggregate of $349.10,—having sufficiently accounted to the plaintiff for the remainder. This action was brought to recover the difference between the sum deducted and 5 per centum of the proceeds of the sale, to wit, $202.77. The only issue created by the pleadings was with regard to the making of the alleged agreement of 5 per centum of the proceeds for the expenses of the sale. No other issue was litigated upon the trial, by consent of the parties, manifested either by inference from the evidence admitted, or the character of the objections made, or from an expressed stipulation, or amendment of the pleadings, to such an effect (Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910); and the only question submitted by the learned trial judge to the jury was whether or not the alleged agreement was made. The jury rendered a verdict for the plaintiff in the sum of $91, upon which judgment was rendered, from which, as well as from an order denying its motion for a new trial, the defendant appealed.

Obviously, the verdict and judgment transcend the rule that the recovery must be secundum allegata et probata. Fuld v. Kahn, 4 Misc. Rep. 600, 24 N. Y. Supp. 558; Pionier v. Alexander, 7 Misc. Rep. 709, 28 N. Y. Supp. 157. Upon the pleadings and the evidence, the verdict should have been either for the plaintiff in the amount claimed, or for the defendant. The jury might well, upon the conflict of evidence which ensued upon the trial, have found either way; but they could not with consistency find both ways. A verdict which repudiated the alleged agreement, and yet awarded any recovery to the plaintiff, was manifestly unjust to the defendant. Neither can the verdict be supported upon any hypothesis that the defendant's deduction of 10 per centum of the proceeds of sale involved an excessive charge for the auctioneer's services, because in contravention of the statute which limits the commissions for such services to 2½ per centum, in the absence of the owner's written agreement to pay a greater sum. 2 Rev. St. (Banks & Bros.' 7th Ed.) p. 1275, § 23. The award is incompatible with computation at the statutory rates of commissions, and the record is destitute of all evidence tending to show the customary or fair and reasonable expenses to be incurred in cases of like sales. The jury disregarded the plain instructions of the trial judge. Judgment and order appealed from reversed, and new trial ordered, with costs to the prevailing party to abide the event.