### CHRISTIE MANUF'G CO. v. TRAVERS BROS. CO.

(Common Pleas of New York City and County, Additional General Term. December 2, 1895.)

CONTRACTS—EVIDENCE—UNSUPPORTED JUDGMENT.
 In an action for work done under a contract, where there is no proof that the contract has been modified, a judgment in excess of the contract terms will be reversed.

Appeal from Eighth district court.

Action by the Christie Manufacturing Company against the Travers Bros. Company to recover a balance alleged to be due plaintiff for work, labor, and services, and materials furnished. The pleadings were oral, and the defenses pleaded were a general denial,

payment, and damages for breach of contract. A judgment in favor of plaintiff was rendered by the justice without a jury, and defendant appeals. Reversed.

Argued before DALY, C. J., and GIEGERICH, J.

James P. Campbell, for appellant.

Manice, Abbot & Perry (John M. Perry, of counsel), for respondent.

GIEGERICH, J. The plaintiff in this action seemed to have one theory of its rights (as shown by the amount demanded), the defendant another (as shown by the amount of its offer of judgment), and the justice still a third (as shown by the amount awarded), with none of which we can agree, upon the facts appearing in the record. The bill of particulars shows the action to have been to recover $48.80, the unpaid balance on a bill of $88.80 (a payment of $40 being credited on account), and in addition $9.10 for extra Sunday work, making a total of $57.90, for which judgment was asked. A written contract, in form of an accepted proposal, was read in evidence, as follows:

"We will take the old crank pin out of the crank of said Corliss engine; will rebore the eye of the crank, fit and shrink in one new pin; fit stem to brasses, complete,—for the sum of seventy-five dollars."

The bill for $88.80, dated June 17, 1895, appears from its items, and from the plaintiff's letter of March 25, 1895, to have been for precisely the work called for by this contract. Yet the contract was, without any sufficient evidence of its modification or abrogation, ignored, and the recovery allowed was based upon the sum of $88.80; seemingly a quantum meruit, but without proof of the value of the work done. The judgment was for $45.30, and costs, apparently obtained by allowing plaintiff $88.80, and crediting the defendant with $40 paid on account, and $3.50, the amount of an overpayment on a former transaction, but not allowing plaintiff its charge of $9.10 for Sunday work. The utmost that could properly have been awarded the plaintiff was less than this, namely, $44.10, obtained as follows: Allow plaintiff the full contract price of $75; add to this $9.10, its entire charge for Sunday work, making a total of $84.10; and deduct from this $40, the amount conceded by the plaintiff to have been received upon account, leaving $44.10. As the judgment is not supported by the proofs, in any aspect, the same should be reversed. Fuld v. Kahn, 4 Misc. Rep. 600, 24 N. Y. Supp. 558; Owens v. Flynn, 7 Misc. Rep. 171, 27 N. Y. Supp. 336; Pionier v. Alexander, 7 Misc. Rep. 709, 28 N. Y. Supp. 157; Robinson v. Ficken, 10 Misc. Rep. 758, 32 N. Y. Supp. 118. A new trial will no doubt result in a more satisfactory presentation of the evidence, which is confused, and will eliminate, and so render unnecessary any present discussion of, certain other questions argued upon this appeal. For these reasons the judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.