(38 Misc. Rep. 816.)

HELLER et al. v. HEINE et al.

(City Court of New York, General Term. June, 1902.)

1. SECONDARY EVIDENCE—COPIES OF LETTERS.

Letterpress copies of letters claimed to have been sent by plaintiffs to defendants ought not to have been received, where the necessary steps to excuse the production of the originals were not taken.

Appeal from trial term.

Action by Isidor Heller and another against Arnold B. Heine and another. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed.

Argued before HASCALL and O'DWYER, JJ.

Stern & Rushmore (Eldon Bisbee, of counsel), for appellants.

Chas. G. F. Wahle, for respondents.

PER CURIAM. This action was brought to recover damages for alleged failure of defendants to deliver to plaintiffs certain goods sold to them. The issue was made upon the denial of such sale or claim therefor. The answer sets up as a separate defense that

the formalities necessary under the statute of frauds had not been complied with upon the alleged agreement and sale. The appellants assign for error the fact that the court admitted in evidence a superscription upon a letter not in the writing of the one who penned the letter, and which bore no relation to the issues in the case; also in the admission of press copies of letters claimed to have been sent by plaintiffs, no notice to produce the originals of which had been given; that the verdict is inconsistent; and that it is also against the weight of evidence.

Concerning the superscription upon the face of the letter, we think it was a seriously objectionable ruling to pern the writing, "this man is a unmitigated scoundrel H.," to be placed in position of competency, where it was available to be read to the jury by counsel, or inspected or considered by them in their deliberations. We must hold that the words complained of were entirely irrelevant and absolutely incompetent, although afterward authenticated under exception.

Concerning the letterpress copies, it appears that the introduction in evidence and reading incompetent papers to the jury, of the character spread upon the record, tended greatly to the prejudice of defendants in the minds of the jury, and ought not to have been permitted, in the incomplete and improper condition of the proposed evidence at the time when allowed. The necessary steps to excuse the production of originals, and warrant the introduction of the papers, were wanting, as they are indispensable. See Athof v. Wolf, 2 Hilt. 346, and Weeks v. Lyon, 18 Barb. 530. It is satisfactorily argued that the commission of the errors above named was prejudicial to the defendants, and we think that it clearly appears, from the full reading of the record concerning these questions, that a harmful and unwarranted result ensued. Spickerman v. Clark, 9 Hun, 134; Baird v. Gillett, 47 N. Y. 187; Anderson v. Railroad Co., 54 N. Y. 334.

Incidentally remarking that sufficient or proper evidence does not appear from which the jury could make up the verdict it returned, that a judgment based upon merely speculative ways of computation cannot be said to be secundum allegata et probata (Henry v. Howland, 10 Misc. Rep. 758, 31 N. Y. Supp. 823), and that, under numerous and oft-cited authorities, the verdict appears to be against the weight of evidence, it seems to be the duty of the general term (Hopkins v. Clark, 14 Misc. Rep. 601, 36 N. Y. Supp. 453) to allow the relief sought. The judgment and order appealed from should be reversed, and a new trial directed, with costs to the appellants to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellants to abide event.