### FELDMAN v. LEVY.

(Supreme Court, Appellate Term. November 29, 1907.)

1. NEW TRIAL—COMPROMISE VERDICT—VACATION.

Where, in an action for breach of a contract of employment, plaintiff testified that the balance due was $505, and the court charged that, if the jury found for plaintiff, their verdict should be in that sum, a verdict for plaintiff for $250 was erroneous, as the result of compromise, and as not responsive to the instructions, and should have been set aside on defendant's motion, notwithstanding the rule that defendant could not complain because plaintiff did not receive as large a verdict as he was entitled to.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 130–149.]

2. SAME.

Where a verdict was the result of compromise, and the amount indicated that the jury either misunderstood or disregarded the evidence, as well as the instructions, defendant's motion to set it aside found sufficient support in the fact that the verdict was not warranted by the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 130–149.]

Appeal from City Court of New York, Trial Term.

Action by Leo Feldman against Beno Levy. From a judgment of the New York City Court for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Manheim & Manheim (Jacob Manheim, of counsel), for appellant. Henry Kuntz (A. Pinkney Wilkes, of counsel), for respondent.

PER CURIAM. The plaintiff claims that defendant hired him as head foreman for a period commencing August 20, and terminating December 31, 1906, at a weekly salary of $30, and that on August 31, 1906, defendant discharged him without cause. The defendant admits the hiring and discharge, but claims that the hiring was by the week only, and that he discharged plaintiff because the latter was incompetent and negligent of his duties. On the trial plaintiff figured what he had earned during the period between his discharge and the termination of the contract, and stated it to be $35. The court then said: "I make the total balance (claimed to be owing from defendant to plaintiff) at $505. Is that right?" To which plaintiff replied: "Yes." At the close of the case the court charged the jury, among other things, as follows: "If you find for the plaintiff, it will be for the sum

of $505." To this charge no exception was taken. The jury brought in a verdict for the plaintiff for $250. The defendant moved to set it aside on the ground that it was a compromise verdict. The motion was denied and an exception taken by the defendant.

The motion should have been granted. The verdict was in direct contravention of the instructions of the court, and was clearly the result of a compromise. Bigelow v. Garwitz, 61 Hun, 624, 15 N. Y. Supp. 940. The fact that the motion was not made by the plaintiff, but by the defendant, did not justify the refusal to set the verdict aside. It is true that a new trial should not be granted where the moving party is not prejudiced (Woodruff v. McGrath, 32 N. Y. 255), and it has been held that as a general rule a defendant cannot complain because the plaintiff did not recover as large a verdict as he was entitled to receive, assuming the jury were justified in finding in plaintiff's favor at all; but if the amount of the verdict shows that the jury, in determining the case, wholly disregarded the evidence, or misapprehended its effect, or overlooked some important fact, or must necessarily have found some fact in favor of the defendant which is wholly inconsistent with a verdict for any amount in favor of the plaintiff, the defendant has a right to complain (Powers v. Gouraud, 19 Misc. Rep. 268, 44 N. Y. Supp. 249; Harton v. Bloom, 33 N. Y. Super. Ct. 115). While it is impossible to say whether or not the defendant was unjustly affected by the compromise verdict, the motion to set it aside found sufficient support in the fact that it was not warranted by the evidence. Myers v. Myers, 86 App. Div. 73, 83 N. Y. Supp. 236. The verdict was the result of a compromise, and the amount indicates that the jury either misunderstood or disregarded the evidence, as well as the instructions of the court.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.