V. G. HINES, Defendant in Error, v. W. R. ROYCE, Plaintiff in Error.

**Kansas City Court of Appeals, January 6, 1908.**

1. **DECEIT: Diligence: Scienter.** Neither law nor equity will afford relief on the ground of false representation to one with equal means of information who is negligent in the use thereof.

2. ————: ————: ————: **Corporation Stock: Discharge.** Where a plaintiff was induced to buy stock in a corporation by false representation the fact that he had an opportunity to examine the property of the corporation and some capacity to determine the value thereof, will not prevent his reliance upon the representations, neither will the fact that he remained in the employ of the corporation after his purchase until his discharge, prevent a recovery.

3. ————: **Evidence: Prospectus: Pleading.** A petition alleged that defendant had been guilty of fraud in representing the condition of a business. *Held*, that the admission in evidence of a prospectus relating to the business, though not mentioned in the pleading, was proper; and evidence tending to show the solvency or insolvency of the business was likewise admissible, and it is further found that no evidence relating to a compromise was admitted at the trial.

4. ————: **Diligence: Scienter.** Instructions relating to the false representations and right to recover thereon are approved.

5. **TRIAL PRACTICE: Jury: Verdict.** The jury returned a verdict for a sum less than the instructions authorized. This the court refused to receive and ordered them to consider further when they returned the amount authorized by the instructions. *Held,* the action of the court was not error. Cases distinguished.

Error to Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

AFFIRMED.

*Henry C. Solomon* for plaintiff in error.

(1)    The court erred in overruling defendant's demurrer to the evidence and peremptory instructions.

Kerr on Fraud and Mistake, p. 384; Bernecker v. Miller, 44 Mo. 112; Garesche v. McDonald, 103 Mo. 111; Rumbold v. Parr, 51 Mo. 592; Funkhouser v. Lay, 78 Mo. 462; Henderson v. Henderson, 55 Mo. 534; Ridge v. Grenwell, 53 Mo. App. 483; Waddingham v. Laker, 44 Mo. 132; Priest v. Way, 87 Mo. 16.   (2) The court erred in giving plaintiff's instructions numbers one, two, three and seven.   Davis v. Insurance Co., 81 Mo. App. 264; Buford v. Caldwell, 3 Mo. 477; Dunn v. White, 63 Mo. 181; Cahn v. Brungardt, 18 Mo. App. 115; Morse v. Rathburn, 49 Mo. 91; Langdon v. Green, 49 Mo. 363; 157 Mo. 115; Clark v. Edgar, 12 Mo. App. 351; Hitchcock v. Baughan, 36 Mo. App. 220; Baitley v. Smock, 61 Mo. 217; Brauckman v. Leighton, 60 Mo. App. 43; Long v. Warren, 68 N. Y. 426.   (3) The court erred in ordering the jury to return to the jury room to further consider of their verdict.   Haydel v. Hurck, 5 Mo. App. 267; Ramey v. Bader, 48 Mo. 540; State v. Rombauer, 44 Mo. 592; State v. Knight, 46 Mo. 84.

*Ellis, Cook & Ellis* for defendant in error.

(1) Overruling demurrer and peremptory instructions not error.   (2) The instructions fully and fairly state the law of the case in line with plaintiff's theory and the evidence adduced in support of that theory. State ex rel. v. Haase, 6 Mo. App. 586; Drey v. Doyle, 99 Mo. 459.   (3) In refusing to accept a verdict for a less amount than $4,500, and in ordering the jury to return to the jury room to "further consider their verdict" the court committed no error.

BROADDUS, P. J.—This is a suit by plaintiff against the defendant for damages for an alleged fraud. The admitted facts are as follows:   The defendant who resided in Kansas City, Missouri, caused to be published an advertisement soliciting persons with capital to take interest in a certain dry goods corporation

known as the Royce Dry Goods Company. At that time the plaintiff who was a resident of Sarcoxie, Missouri, answered said advertisement and received a letter from defendant dated February 28, 1903, in which among other things was stated that said dry goods company was conducting a large and profitable business at Kansas City, Missouri, with a stock of about $100,000, in value, practically all new goods bought at first hand; that the capital of the said company had been $60,000, but at a meeting held on the day of the writing of said letter the managing officers of the corporation had voted to increase the capital stock to $100,000; that the corporation was ready to issue such increased stock to purchasers; that the managing officers had concluded to install a new manager, in the shoe, clothing and furnishing-goods department, of their business; and that upon receiving said letter plaintiff went to Kansas City and had an interview with defendant in which he repeated to plaintiff substantially all that was said in the letter.

The plaintiff paid to the defendant $4,500, and received in exchange from the defendant forty-five shares of $100 each in said corporation. The plaintiff remained in charge of the said department of the business until some time in the early part of July in that year, when on account of some altercation he had with a customer he was discharged by the defendant. The forty-five shares of stock issued to the plaintiff was not additional stock of the corporation but a part of the original stock which was owned by the defendant. There was no such additional stock issued by said corporation. The forty-five shares of stock issued to the plaintiff showed upon their face that it was a part of the original stock. Plaintiff upon receipt of this stock did not examine them but put them in a drawer, in defendant's establishment, to which he had access.

The plaintiff's evidence tends to show, that on

about the 2nd of July, 1903, he first learned from the defendant that the corporation had issued no increase of treasury stock and he then learned for the first time, that the shares of stock issued to himself were not increased treasury stock, but were shares of original capital stock and owned by defendant at which time he demanded of defendant the return of said $4,500, and offered to return to defendant the said certificates of stock issued to him; that the Royce Dry Goods Company did not have a large and prosperous business; that it was not carrying a stock of goods to the value of $100,000, and that the goods carried by it were not new and not bought at first hand, but were largely made up of second-hand inferior goods; that it was not true that defendant had issued prior to said transaction with plaintiff, a part of said increase of treasury stock to subscribers and purchasers; and as a matter of fact the plaintiff introduced evidence tending to prove all the material allegations of his petition.

We do not understand, that defendant contends, that the plaintiff failed to introduce such evidence, but that his contention is that it disclosed such a state of facts as debarred his right to recover, viz., that according to plaintiff's own testimony when he came to Kansas City after having received defendant's advertisement, he was afforded every opportunity to examine said stock of goods on hand and did examine them to his own satisfaction; that he was a merchant of experience capable of informing himself of the quality and the value of the goods on hand; that the shares of stock issued to him showed upon their face that they were not issued for any increase of the capital stock of the corporation but a part of its original stock; that the plaintiff had the opportunity of inspecting them after they were issued to him; that the said advertisement did not purport that any new stock had been issued and only

127 App—46

that it was proposed to be issued; and that the plaintiff expressed no dissatisfaction and made no complaint until he was discharged as aforesaid from the employment of the corporation.    While such was proved the plaintiff introduced evidence tending to show that notwithstanding he had been a merchant of several years' experience his experience had been in the line of the shoe business mostly and that it was not such as to qualify him to know the value and quality of other kinds of goods belonging to said corporation; and that he relied entirely upon the representation of defendant as to the character of the stock which he was receiving and as to the value and quality of the goods.    And it was shown that the goods were of much less value than $100,000, and that in the course of a short while the corporation became insolvent and went into bankruptcy.

The cause was submitted to the jury which returned a verdict for the plaintiff, and judgment was rendered from which defendant appealed.

The evidence conclusively establishes that the representation made by the defendant in reference to the proposed issue of increased stock of the said corporation and quality and value of the goods was false and no doubt was an inducement to the plaintiff to purchase said stock.    But it is contended by defendant, that there can be no recovery for said false representation because the plaintiff had within easy reach everything necessary to enlighten him concerning said corporation's stock and the quality of and value of the goods.

It is said in Davis v. Insurance Co., 81 Mo. App. 264:    "Neither law nor equity will afford relief on the ground of false representation where the subject matter is equally known to both parties, if both parties have equal means of information, and in regard to which one of the other is negligent."    And such is the general rule declared and recognized by all the appel-

late courts of this State.    [63 Mo. 181; Brauckman v.
Leighton, 60 Mo. App. 381.]    In business transactions
parties must not neglect to use their own judgment and
discretion.    [Langdon v. Green, 49 Mo. 363.]

It is clear from these authorities that plaintiff,
nothing else having been shown would not be entitled
to recover as to false representation made by defend-
ant as to character of stock, the said corporation would
issue or had issued to him, for he had every opportu-
nity of informing himself as to those matters and he
negligently failed to use such opportunity.    But not-
withstanding he had every opportunity of  examining
the stock of goods on hand, as to their value, the evi-
dence tends to show that in the main he was not quali-
fied after seeing the goods to determine their quality
and value and that he relied upon the defendant in re-
spect to that matter.    This was a matter of much im-
portance as a consideration for the amount of money in-
vested by plaintiff in the business.    The evidence tends
to show that the plaintiff was induced thereby to invest
his money in a failing business, that had been represented
to him by defendant as prosperous and which after-
wards went into bankruptcy. We are of the opinion that
the plaintiff had a right to rely upon representation of
the defendant as to the condition of the business of the
corporation, and the fact that he remained in the cor-
poration the length of time stated before he withdrew
from the business would not, standing alone, preclude
his right of recovery unless it was shown that he had
received such information during such time as would
advise him of the true situation of affairs.    And the
fact that he was discharged by the corporation does not
prove conclusively in view of the other facts and cir-
cumstances mentioned that his withdrawal is to be at-
tributed to such discharge.    Starting out with the as-
sumption which the evidence disclosed beyond doubt,
that the defendant set a trap when he made said adver-

tisement to defraud some one, and that he did in fact defraud and deceive plaintiff, the facts and circumstances ought to be well established that the plaintiff entered into the concern with his eyes open to every material false representation made by defendant, or that he had the means at his command to inform himself of the situation in every important particular, and failed and neglected to do so. He could not have easily ascertained all the facts in regard to the property of defendant corporation and its condition. Had he been an expert bookkeeper he might have found out that the corporation was failing and on the eve of bankruptcy but it was shown that he was not such. A seller is liable to an action of deceit if he fraudulently represents the quality of the thing sold to be other than it is in some particulars, which the buyer has not equal means of knowing. [1 Story's Equity, sec. 197; Clinkenbeard v. Weatherman, 157 Mo. 105.] This is well settled law.

The defendant contends that the court committed error in the admission of evidence of a prospectus of the said dry goods company, in which was set forth that the capital stock of the company was $60,000, which the company proposed to increase to $100,000, to meet the demand of its increased business and a statement therein that $40,000 additional stock would be issued, etc. The objection to this evidence is that there is no reference to the prospectus in the plaintiff's petition. But we conceive that such a reference was not necessary. The object of its introduction was to show that fraud had been committed by the defendant. It is not required that pleading should state the evidence upon which the party relies but only the facts. The plaintiff alleged in his petition that the defendant had been guilty of fraud in representing that the business of the said corporation was in a flourishing condition.

The evidence objected to went to establish that allega-
tion.

The defendant assigns as error the action of the
court in permitting plaintiff to interrogate the defend-
ant as to the amount of the liabilities of said corpora-
tion as being irrelevant and not within the issues of
the case. We think this was admissible as it tended
to show condition of solvency or insolvency of said
corporation.

Other objections made to admission of testimony
we think were without merit. We will not encumber
the record with reference to them, except that wherein
the defendant claims that the court admitted evidence
relating to an offer of a compromise between plaintiff
and defendant. The record discloses that all such evi-
dence was upon objection of defendant excluded by the
court and we find none that was received that related
to a compromise or an offer to compromise.

We have examined the plaintiff's instructions and
we find they are not subject to the objection urged
by the defendant that they do not contain a full and
complete statement of the law pertaining to the ac-
tion. On the contrary in our opinion they fully cover
the question in issue between the parties.

The jury after being sent out returned a verdict in
favor of plaintiff for $1,500. The court refused to re-
ceive this verdict because the jury was instructed that
if they found for plaintiff the verdict should be for
$4,500. The court ordered the jury to return to their
room and further consider the case, after which they re-
turned to the court a verdict for $4,500. The defendant
in support of his contention that this was error cites
Haydel v. Hurck, 5 Mo. App. 267; Ranney v. Bader,
48 Mo. 539. Neither of these cases nor the case of the
State of Missouri ex rel. v. Knight sustain the defend-
ant's theory. In the case of Ranney v. Bader, the ver-
dict of the jury was, "We the jury, find for the plaintiff,

and assess his damages at $293, with six per cent interest." The court said the verdict was correct as the law fixed the rate of interest anyway and the finding of interest did neither good nor harm. In the case of State v. Knight, 46 Mo. 84, the verdict was, "We the jury find a verdict for defendants, they to pay the cost of the suit." The court held that the verdict was in favor of the defendant, and that the statement that they were to pay the cost of the suit was mere surplusage and should be disregarded. Here, however, the first verdict returned was not a proper verdict because the jury had disregarded the instructions of the court, that if they found for plaintiff the verdict should be $4,500, therefore a verdict of $1,500, was not responsive to the instructions and the court was not bound to receive such verdict. A review of the whole case shows that the verdict was for the right party and the judgment should be sustained. Affirmed. All concur.