ANDREW   ALDEN   v.   SACRAMENTO   SUBURBAN   FRUIT LANDS COMPANY.[1]

June 8, 1917.

Nos. 20,338—(152).

**Broker — action for commission — evidence.**

    1. The evidence is *held* to sustain a finding of the jury that the plaintiff had a contract with the defendant by which he was to have as compensation for his services a specified percentage of the selling price of all lands of the defendant for which he procured purchasers, and that pursuant to such contract he procured purchasers and earned the agreed compensation.

[1]Reported in 163 N. W. 133.
    137 M—11

**Trial — verdict when damages are liquidated — when defendant can object.**

2. The general rule is that a defendant cannot complain that a verdict is in amount more favorable to him than it might have been; but where the damages are not unliquidated but are certain, and the plaintiff if entitled to anything is entitled to a specific sum, and the jury disregard the issues and the evidence and compromise between the right of recovery and the amount of it, giving a sum greatly less than the plaintiff should have if he recovered anything, the defendant may assail the verdict. This rule is applied to a case where the plaintiff, if entitled to anything, was entitled to 10 per cent of the selling price of one or both of two tracts of land, one of which was sold for $10,000 and the other for $2,500, the amount of the agreed compensation for the sale of both being $1,250, and the jury returned a verdict for $600.

Action in the district court for Hennepin county to recover $1,250 commission for the sale of lands. The case was tried before Steele, J., and a jury which returned a verdict in favor of plaintiff for $600. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Einar Hoidale,* for appellant.

*John A. Nordin,* for respondent.

DIBELL, C.

Action to recover the agreed compensation for securing purchasers for lands of the defendant. Verdict for the plaintiff. Defendant appeals from the order denying its alternative motion for judgment or a new trial.

1. The defendant owned six or seven thousand acres of California lands and was engaged in an active campaign to sell them. The plaintiff claims that he had a contract by which he was to have 10 per cent of the selling price of the lands for which he procured purchasers, and that he procured two purchasers to whom the defendant sold. The defendant denies that it had a contract with the plaintiff or that he procured the two purchasers. It admits that it sold to them. The defendant is a corporation with its office in Minneapolis. One Snesrud was engaged in soliciting purchasers for it upon a commission basis. It does not seem that he had authority to employ others. He and the

plaintiff were together, apparently co-operating, and were much about the office. He introduced the plaintiff to the defendant's secretary in the office of the company. It is there that the plaintiff claims that the agreement for the 10 per cent commission was made. This was some months prior to the two sales which were made in February and March, 1913. The secretary, without denying that he may have had a talk with the plaintiff, denies that he had a talk in which he agreed to pay him a commission. He says that he had a talk with him in the fall of 1914, which was after these sales were made, and then told him that he would give him 10 per cent on straight sales and 8 per cent on trades, and that this was the only time he talked with him on the subject of compensation. The precise authority of the secretary does not appear. He was about the office, though not all of the time, and interested himself in sales. Later he assumed the right to agree upon compensation for future sales. At the time the company was very active in promoting sales, arranged excursions to the lands, had lantern shows of them several evenings at its office, and on these occasions the secretary and the plaintiff and many others were present. The evidence made it a question for the jury whether the plaintiff had an agreement with the defendant's secretary for compensation on the basis of 10 per cent of the selling price and whether the secretary was acting with the authority of the company. It is hardly contended that whether the plaintiff procured the two purchasers was not for the jury.

2. The sale to one purchaser was for $10,000 and to the other for $2,500. At the agreed compensation the plaintiff, if he procured both purchasers, was entitled to $1,000 plus $250, or a total of $1,250, and if he procured but one to a sum computed on a like basis. The complaint did not allege the reasonable value of the plaintiff's services nor was there proof of it. If entitled to anything the plaintiff was entitled to the contract rate of compensation. The trial court charged the jury to that effect. The verdict was for $600. The plaintiff does not complain. He could. The question is whether the defendant can.

The rule is general that a party cannot complain of a verdict more favorable to him in amount than it might have been. With the proper application of this rule there is no quarrel. In invoking it the plaintiff's argument is that the jury found a contract to pay 10

per cent of the sale prices, and that the plaintiff procured the purchasers pursuant to it, and then gave him less than he was entitled to **receive, and** that the defendant cannot complain. The damages were not unliquidated. They were entirely certain. The jury did not make a mistake. They were not under a misapprehension. They disregarded the evidence and the issues and the trial court's charge. That they compromised does not admit of question. The verdict does not respond to the evidence of the plaintiff, or to that of the defendant, or to a part of either or of both. The jury compromised, not on the question whether there was a contract between the parties, nor upon what it was, nor upon what the recovery on the contract basis should be, but between the right of recovery and its amount. This compromise was a sacrifice of the very principle upon which a proper recovery rested. Neither the plaintiff nor the defendant had the fair judgment of the whole jury upon all the issues. Under such circumstances the weight of authority holds that the defendant may successfully assail the verdict. New Home Sewing Machine Co. v. Simon, 107 Wis. 368, 83 N. W. 649; Bressler v. McVey, 82 Kan. 341, 108 Pac. 97; Fuld v. Kahn, 4 Misc. 600, 24 N. Y. Supp. 558; Pionier v. Alexander, 7 Misc. 709, 28 N. Y. Supp. 157; Metz v. Campbell Printing-Press & Mnfg. Co. 11 Misc. 284, 32 N. Y. Supp. 155; Powers v. Gouraud, 19 Misc. 268, 44 N. Y. Supp. 249; Feldman v. Levy, 56 Misc. 563, 106 N. Y. Supp. 1092. Michigan recognizes the rule. Benedict v. Michigan Beef & Provision Co. 115 Mich. 527, 73 N. W. 802. There are cases opposed. Evans v. Koons, 10 Ind. App. 603; Fischer v. Holmes, 123 Ind. 525, 24 N. E. 377; Roberts v. Rigden, 81 Ga. 440, 7 S. E. 742. We follow what we believe to be the practical working rule, and the one which is supported by the weight of authority, and hold that the defendant can question the verdict.

Order reversed.