# Wytheville.

## APPERSON-LEE MOTOR CO. v. J. D. RING.

June 14, 1928.

Argued and submitted before Judge Holt took his seat.

1. VERDICT—*Compromise Verdict.*—Juries are not authorized to compro-
mise the vital questions at issue between litigants. The law con-
templates that they shall, by their discussions, harmonize their
views, if possible, but not that they shall compromise, divide or
yield for the mere purpose of an agreement.

2. NEW TRIALS—*Both Parties Asking to have Verdict Set Aside—Court
Setting Aside Verdict for Plaintiff and Entering Judgment for Plaintiff
for Increased Amount—Section 6251 of the Code of 1919.*—In the instant
case, an action for damages, the jury found a verdict for plaintiff
for $250.00. There was a sharp conflict in the evidence as to de-
fendant's liability. Both plaintiff and defendant moved to have the
verdict set aside. The court set aside the verdict so far as it under-
took to fix the amount of damages, and entered judgment for the
plaintiff for $350.00. Defendant admitted that $350.00 was the
amount of damage suffered by the plaintiff. Defendant contended,
however, that as there was no evidence to fix plaintiff's damages at
$250.00, and admittedly there was not, it followed that the whole
verdict was the result of a compromise by the jury of the question of
liability and of the amount of damages.

   *Held:* That the verdict did fix the question of liability.

3. NEW TRIALS—*Verdict Fixing Liability of Defendant—Amount of Dam-
ages—Action of Trial Court in Setting Aside Verdict and Fixing Amount
of Damages—Case at Bar.*—In the instant case, an action for damages,
the verdict of the jury fixed the liability of defendant, but the amount
of damages allowed by the verdict was admittedly less than the
damage suffered by the plaintiff. Under these circumstances, if
the court granted a new trial, it should only have submitted to the
jury the single issue of amount of damages.

   *Held:* That the defendant could not complain that the court rendered
judgment for the amount of damages conceded by defendant to be
correct.

4. VERDICT—*Verdict Set Aside because Contrary to the Evidence as to the Amount of Damages—Case at Bar.*—In the instant case a verdict was set aside only because it was contrary to the evidence as to the amount of damages sustained by plaintiff. Section 6251 of the Code of 1919 does not mean that when a verdict is set aside a new trial can be ordered only on the whole case, both as to liability and damages or that the court must necessarily empanel a jury to fix damages which have not been properly assessed, and, therefore, the action of the trial court in entering judgment for the amount of damages admitted by the defendant to have been suffered by the plaintiff was not error.

5. VERDICT—*Setting Aside Verdict—Section 6251 of the Code of 1919—Judgment for Party Obtaining Verdict but for a Different Amount.*—The meaning of section 6251 of the Code of 1919 is that, having rightly set aside the verdict, because contrary to the evidence or without evidence to support it, the trial court shall enter such final judgment as ought to be entered, or as the law requires upon the evidence before it. This does not mean necessarily a judgment in favor of the adverse party. It may be in favor of the party obtaining the verdict, but for a different amount from that found by the jury.

6. NEW TRIALS—*Verdict—Verdict Set Aside and Judgment Rendered by the Trial Court—Section 6251 of the Code of 1919—Case at Bar.*—In the instant case the jury fixed the question of defendant's liability, and this was final in view of the conflict of the evidence and was binding upon court and jury in any other trial. Under the second clause of section 6251 of the Code of 1919 the court might have empaneled a jury to have assessed damages. But under the first clause of section 6251 of the Code of 1919, if there was evidence before the court to enable it to determine the amount of damages, then it was the duty of the court to fix the damages and end the case. The court, therefore, did not err in setting aside the verdict and entering judgment for the amount of damage admitted by the defendant to have been suffered by the plaintiff.

Error to a judgment of the Circuit Court of the city of Lynchburg, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Caskie & Frost,* for the plaintiff in error.

*Fred Harper,* for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

The Apperson-Lee Motor Company, hereinafter referred to as defendant, is here complaining of a judgment of the Circuit Court of the city of Lynchburg for $350.00 against it and in favor of J. D. Ring, hereinafter referred to as plaintiff.

The controversy arose as a result of a collision on October 20, 1926, between a Ford coupe owned by defendant and driven by its agent, H. V. Everett, accompanied by Kennith Patterson, and an Essex car owned by the plaintiff and driven by Pat Ring, accompanied by Gladston Farrar and Homer Hudson.

Ring brought action against the Motor Company for damage to his car for $500.00.

The jury found a verdict in favor of the plaintiff for $250.00.

The plaintiff moved the court to set aside the verdict of $250.00 and to enter final judgment for him, under the provision of section 6251 of the Code. The defendant moved the court to set the verdict aside on the ground that it is contrary to the law and the evidence and to grant it a new trial. The court overruled the motion of the defendant, and the defendant excepted, and then the court, for the reason, as stated in its order, that the verdict so far as it undertakes to fix the amount of damages, is not in accordance with but is contrary to the evidence as to the damages sus-

tained by the plaintiff, set aside the verdict on the plaintiff's motion, and entered judgment for the plaintiff for $350.00.

No question is raised as to the action of the court in setting the verdict aside. Both parties asked for it, but the error assigned by defendant is that the court had no authority under the circumstances to enter judgment for the plaintiff, but that it should have granted defendant a new trial. That is to say that the court exceeded its power under section 6251 of the Code.

The effect of the court's holding was that the jury fixed the question of liability, upon conflicting evidence and that there was sufficient evidence before the court for it to fix the amount of damages.

It is conceded by the defendant that there was a sharp conflict of evidence as to the question of liability, and that $350.00 was the amount of damage suffered by the plaintiff. It is contended, however, that the jury's verdict, under the circumstances of this case did not fix the question of liability. If not, then it is urged the court could only set the verdict aside and direct a new trial.

Defendant says that because there was no evidence whatever to fix the plaintiff's damages at $250.00, and admittedly there was not, it follows, from the very nature of things, that the whole verdict was the result of a compromise by the jury of the question of liability and of amount of damages.

[1] We are referred to a number of cases which hold that juries are not authorized to compromise the vital questions at issue between litigants, as for example, as was said by the Supreme Court of Michigan in *Goodsell* v. *Seeley*, 46 Mich. 623, 10 N. W. 44, 41 Am. Rep. 183:

"The law contemplates that they shall, by their discussions, harmonize their views, if possible, but not that they shall compromise, divide or yield for the mere purpose of an agreement."

Other cases to like effect are: *Alden* v. *Sacramento Co.*, 137 Minn. 161, 163 N. W. 133; *Bressler* v. *McVey*, 82 Kan. 341, 108 Pac. 97; *Hines* v. *Royce*, 127 Mo. App. 718, 106 S. W. 1091; *Chandler* v. *Hinds*, 135 Wis. 43, 115 N. W. 339; *Metz* v. *Campbell Printing Press Co.*, 11 Misc. Rep. 284, 32 N. Y. Supp. 155, 156; *Meyer* v. *Shamp*, 51 Neb. 424, 71 N. W. 57; *Fuld* v. *Kahn*, 4 Misc. Rep. 600, 24 N. Y. Supp. 558.

[2, 3] We find no fault with the decisions referred to, but we have been unable to follow defendant's contention that the jury did not fix the question of liability by their verdict in this case, simply because the amount of the verdict was not supported by any evidence in the case. This it seems to us would be a pure assumption. We think the verdict did fix the question of liability, and this being so, the question arises, what was the duty and what were the powers of the trial court under the circumstances? Under section 6251 of the Code, if the question of liability was fixed by the verdict, there was a single issue left undetermined, and that was the amount of the liability, and if the court had, under such circumstances granted a new trial, it should, under the decisions of this court, only have submitted to the jury in the new trial the single issue of the amount of damages. According to the plaintiff's evidence the car was worth from $350.00 to $550.00 and the defendant admitted damage of $350.00, the amount for which the court entered judgment. We see no error in the court's action. If its liability was fixed by the verdict as we hold it was, the defendant cannot

complain that the court rendered judgment for the amount of damages it conceded to be correct.

[4, 5] The verdict was set aside only because it was contrary to the evidence as to the amount of damages. sustained by the plaintiff.

Section 6251 of the Code declares: "When the verdict of a jury in a civil action is set aside by a trial court upon the ground that it is contrary to the evidence, or without evidence to support it, a new trial shall not be granted if there is sufficient evidence before the court to enable it to decide the case upon the merits, but such final judgment shall be entered as to the court shall seem right and proper. If necessary to assess damages, which have not been assessed, the court may empanel a jury at its bar to make such assessment, and then enter such final judgment * * *."

We do not think this statute, properly construed, means that when a verdict is set aside a new trial can be ordered only on the whole case, both as to liability and damages or that the court must *necessarily* empanel a jury to fix damages which have not been properly assessed. In *Forbes* v. *Southern Cotton Oil Co.*, 130 Va. 245, 108 S. E. 15, Judge Burks, referring to this section said: "The meaning of the statute is that, having rightly set aside the verdict, because contrary to the evidence or without evidence to support it, the trial court shall enter such final judgment as ought to be entered, or as the law requires upon the evidence before it. This does not mean necessarily a judgment in favor of the adverse party. It may be in favor of the party obtaining the verdict, but for a different amount from that found by the jury."

[6] In the instant case we have, according to our view, this situation. The jury fixed the question of

liability. This was final in view of the conflict of the evidence and was binding upon court and jury in any other trial. Under the second clause of section 6251 the court might have empaneled a jury to assess damages because the jury had not assessed an amount which any evidence in the case supported. But under the first clause of the statute, if there was evidence before the court to enable it to decide the case on its merits, that is, to fix, from the evidence, the amount of damages, then it was the duty of the court under this clause to fix the damages and end the case. This the court could do where the evidence as to damages was not conflicting, and this we think the court could do under the circumstances of the instant case, where the defendant admitted damage to the amount of $350.00. It could not have entered judgment for an amount in excess of that supported by the testimony of the defendant, but clearly the defendant cannot be heard to complain where the verdict, being set aside as to damages only, judgment was entered for the plaintiff for an amount which, by its own testimony, it admitted to have been sustained.

We conclude therefore that the judgment of the trial court should be affirmed.

*Affirmed.*