HORATIO N. POWERS, Plaintiff, *v.* GEORGE E. GOURAUD, Defendant.

(Supreme Court, New York Trial Term, January, 1897.)

**Verdict — Motion to set aside for insufficiency.**

> Where, under the pleadings and evidence, no case for a quantum meruit is made out, but the plaintiff, if entitled to recover at all, was entitled to recover the full amount claimed, a verdict for only a small portion of such claim is clearly the result of a compromise or of a misunderstanding or disregard of the evidence, and may be set aside upon motion of the defendant.

MOTION to set aside a verdict.

W. C. Davis, for motion.

John S. Wise, opposed.

GILDERSLEEVE, J.    The defendant authorized the plaintiff to sell 100 kinetoscopes, for which plaintiff was to receive 25 per cent. of the profit after deducting the cost to defendant. The evidence produced by plaintiff is to the effect that he procured a purchaser able and willing to buy the 100 kinetoscopes at $436.25 a piece; that the cost to defendant was $200 for each machine; that the profit to defendant was $236.25, and that the plaintiff's commission was $59.06 for each machine, or $5,906 for the 100 machines, from which plaintiff deducts some money belonging to defendant and in plaintiff's possession, or under his control, which plaintiff applies as part payment of his commissions, and sues defendant for $4,982.69, with interest. The defendant's evidence is to the effect that before plaintiff had procured any purchaser, or performed his part of the contract, the defendant, in good faith, revoked the authority to sell and terminated the contract; and defendant also calls in question the responsibility of the purchaser alleged to have been procured by plaintiff. Under the evidence, the jury had but two alternatives, *i. e.*, either to find for the plaintiff for the full amount claimed, or to find for the defendant. Either the plaintiff procured a purchaser able and willing to buy the 100 machines at a price satisfactory to defendant before the termination of the contract, or the contract was in good faith terminated before plaintiff had procured such purchaser. The plaintiff was entitled to his whole claim, or nothing. There could be no recovery on a *quantum meruit* in this action. The jury brought in a sealed verdict in favor of the plaintiff, but, instead of fixing the amount of the recovery at the sum called for by the evidence, they arbitrarily fixed it at less than a quarter of that sum. Had the plaintiff objected to this verdict, it would clearly have been the duty of the court to refuse to accept the verdict, and to direct the jury to retire again, with instructions that, if they found a verdict for the plaintiff, they should find it for the full amount claimed; for while the question as to whether or not the plaintiff was entitled to recover was one of fact for the jury, still, when this was found for the plaintiff, the measure of damages was the amount claimed, and this he was entitled to recover. See Hatch v. Attrill, 118 N. Y. 384. But neither party made the request, and the plain-

tiff's attorney immediately announced that he accepted the verdict. The defendant's counsel moves to set aside the verdict as contrary to evidence and contrary to law. As the jury found for the plaintiff, it is, in general, to be assumed that all material issues of fact raised by the pleadings and every question of fact litigated upon the trial were determined in favor of the plaintiff. See Wolf v. Goodhue F. Ins. Co., 43 Barb. 400; Barker v. Steamship Co., 91 Hun, 497. And there is certainly enough evidence to sustain a verdict in plaintiff's favor. But it would seem from the facts that the jury could not have agreed upon $1,000, as their award of damages to the plaintiff, without either a misunderstanding or a sacrifice of principle. The verdict seems to have been the result of a compromise. Having reached the conclusion that the plaintiff had established his cause of action, it was their duty to award him the compensation called for by the evidence. See O'Shea v. McLear, 15 Civ. Pro. 71; Platz v. City of Cohoes, 8 Abb. N. C. 392. Had this motion to set aside the verdict been made by the plaintiff, there could be no question as to the propriety of granting it. See McDonald v. Walter, 40 N. Y. 551. But the plaintiff is content with the verdict and vigorously opposes this motion to set it aside. Does it lie with the defendant to object to the inadequacy of the amount awarded to plaintiff? To be sure, defendant's contention is based on the ground that the verdict is a compromise contrary to evidence and contrary to law. In McDonald v. Walter, *supra,* the Court of Appeals strongly maintains the doctrine that a verdict should be set aside for inadequacy of damages just as much as for excessive damages. It says (at page 553): " Where the law itself prescribes the rule of damages to which alone the plaintiff is entitled, if he recover, a disregard of the law and an award of a sum not warranted by the rule, is such evidence of passion, prejudice or more frequently of mistake, or misapprehension, that the verdict of the jury ought not, and will not, be permitted to stand. It would be a discredit to the administration of justice if it were not so." In that case the plaintiff, not the defendant, was the moving party to set aside the verdict on the ground of inadequate damages; but the force of the general principle enunciated is not attenuated by that fact. In the case of Schmidt v. Brown, 30 N. Y. Supp. 68, the General Term of the Third Department held that, under section 999 of the Code, the trial judge may set aside a verdict, on his own motion, where it is so against the weight of evidence that it is apparent that the jury misapprehended the evidence

or were influenced by passion or prejudice in rendering their verdict. But that ruling was based upon a different state of facts from those in the case at bar. There, while the weight of evidence required a verdict for the one party, the jury found in favor of the other. The question here urged by plaintiff is this: Inasmuch as the jury, by their verdict, have found all material issues in favor of plaintiff, is the defendant prejudiced because the jury have awarded to plaintiff less damages than plaintiff is entitled to? A new trial should not be granted where the moving party is not prejudiced. See Woodruff v. McGrath, 32 N. Y. 255. In the case of Harton v. Bloom, 33 N. Y. Super. Ct. 115, the question here presented was discussed, and a doctrine laid down that I regard as controlling in the case at bar. In that case the defendant moved for a new trial on the same grounds here presented, to-wit, that if plaintiff was entitled to anything he was entitled to the full amount, and that the verdict giving him less was erroneous and should not be permitted to stand. The court say (page 121): "The defendant cannot complain because the plaintiff did not recover against him as large a verdict as he was entitled to, unless the amount of the verdict shows that the jury, in determining the case, either wholly disregarded the evidence or misapprehended its effect, or overlooked some important fact, or must have necessarily found some fact in favor of defendant which is wholly inconsistent with a verdict for any amount in favor of plaintiff." It is true that in that case the General Term upheld the decision of the trial judge denying the motion of defendant for a new trial, on the ground that there was no error in the verdict which prejudiced defendant. The facts, however, were different from those in the case at bar. In the case of Rowe v. Comley, 11 Daly, 318, a verdict was rendered in favor of the plaintiff for a less sum than the amount claimed; a motion was made by the defendants for a new trial, upon the ground, among others, that the verdict was the result of a compromise upon the part of the jury. The motion was denied, and defendants appealed to the General Term of the Marine Court, where the judgment was affirmed, and thereupon defendants appealed to the Court of Common Pleas, General Term. Mr. Justice Van Brunt, delivering the opinion of that court, held that the Court of Common Pleas, upon appeals from the Marine Court, could not correct errors of the jury; but he added: "If the General Term of the Marine Court had seen fit to set aside the verdict upon the ground that it was the result of a compromise, they would

have had the power so to do in the exercise of their discretion; but this court (the Common Pleas) can only consider upon appeal the exceptions taken during the trial." The question presented on this motion is this: Does the amount of the verdict show that the jury, in determining the case, either wholly disregarded the evidence or misapprehended its effect, or overlooked some important fact, or necessarily found some fact in favor of defendant which is wholly inconsistent with a verdict for any amount in favor of plaintiff? After a careful consideration of the case, I am constrained to answer this question in the affirmative. The verdict is clearly the result of a compromise and is unwarranted by the evidence. It is true that where there is a mere error in a matter of figures, and a new trial will not change the result, a judgment may be modified even by increasing the amount of the recovery. See Goldstein v. Greenberg, 18 Misc. Rep. 61; Golde v. Whipple & Co., 39 N. Y. Supp. 964. But in this case the verdict clearly shows that it was the result of a compromise, and that the jury either misunderstood or wholly disregarded the evidence. It cannot be said that a new trial would not change the result. The verdict must be set aside. The question now arises as to what conditions shall be imposed. Where a verdict is set aside as against the evidence, costs of the circuit should be imposed as a condition of granting a new trial. See O'Shea v. McLear, 15 Civ. Pro. 70; Kelly v. Frazier, 27 Hun, 314.

Motion granted on payment by the defendant to plaintiff of the costs of the trial.

Ordered accordingly.