(86 App. Div. 73.)

MYERS v. MYERS.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. RIGHT OF APPEAL—FAVORABLE VERDICT—NONSUPPORT IN EVIDENCE.

Defendant may complain of a verdict for an amount wholly unsupported by the evidence, though there is evidence justifying a larger recovery.

Appeal from Trial Term, Steuben County.

Action by Joseph J. Myers against Frank L. Myers. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial on the minutes, he appeals. Reversed.

The action was commenced on the 16th day of April, 1902, to recover for work, labor, and services rendered and performed by the plaintiff for the defendant between the 1st day of October, 1896, and the 1st day of April, 1902. The plaintiff claimed that it was agreed between him and the defendant that he (the plaintiff) should receive for the services rendered $40 per month. The defendant claimed that the compensation agreed upon was $25 per month. This was substantially the only issue or dispute between the parties. The length of time which the plaintiff worked, or the amount of money which had been paid to him by the defendant on account of such services, was not put in issue by the testimony of the parties. According to the claim of the plaintiff, figuring his compensation at the rate of $40 per month, the amount due and owing to him was substantially $900. According

to the claim of the defendant, and figuring the compensation at $25 per month, the defendant was not indebted to the plaintiff in any sum whatever. The jury rendered a verdict in favor of the plaintiff for $500, and from the judgment entered thereon this appeal is taken. The sole question presented by this appeal is whether or not there is any evidence to support the verdict of the jury in so far as it determines the amount which is due and owing from the defendant to the plaintiff; and, if not, whether the defendant is entitled to raise that question when, upon the evidence, the jury would have been justified in finding that the larger sum, or the full amount claimed by the plaintiff, was due and owing to him.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

F. A. Robbins, for appellant.
Milo M. Acker, for respondent.

McLENNAN, J. Counsel for the respondent urges that it is possible to interpret the evidence, when considered as a whole, in such manner as to make the verdict of the jury consistent, and our attention is called to some apparently casual statements made by a witness called by the defendant to the effect that the term of employment commenced at a later period than testified to by the parties. From a careful examination of the evidence, we think it is not susceptible of such interpretation. The parties, by their evidence, agreed as to when the employment commenced. They agreed as to the amount which had been paid by the defendant on account of the services rendered by the plaintiff, and the evidence to which attention has been called is not sufficient to raise an issue of fact as to those questions. We therefore must assume that upon the evidence the jury was only entitled to render one of two verdicts—either a verdict in favor of the plaintiff for substantially $900, or a verdict in favor of the defendant for substantially no cause of action—and that the evidence did not in any sense support the verdict rendered.

Parties to a litigation—the defendant as well as the plaintiff—are entitled to have the issues submitted to the jury decided solely upon the evidence, and either party has just cause for complaint if that is not done. In the case at bar the defendant was entitled to have the jury determine whether plaintiff's rate of compensation was $40 or $25 per month, that being the only issue which was properly before them for consideration; and he was entitled to have that issue determined uninfluenced by any plan of compromise as to the amount which should be awarded as a result of the decision upon that issue. The verdict rendered was clearly a compromise, and whether or not it unfavorably affected the defendant it is impossible to say. It is sufficient that it was not justified by the evidence, and therefore the judgment entered thereon should be reversed.

We think the rule is correctly stated in Oliver v. Moore (Sup.) 12 N. Y. Supp. 343, in which the court said:

"The jury are to be guided by the evidence. They cannot guess at an amount which should be due to the plaintiff. They must find their verdict upon the evidence, and upon the evidence alone; and, if there is no evidence to support their verdict, it has no foundation, and must fall."

In the case of Bigelow v. Garwitz (Sup.) 15 N. Y. Supp. 940, the amount claimed and liquidated was $224.80, and the jury rendered a verdict for $100. The court said:

"The jury rendered a verdict in favor of the plaintiff for $100. It was properly set aside. It was in direct contravention of the instructions of the court, and was manifestly the result of a compromise. It was a verdict which the jury had no right to render, and which the court might well have set aside on its own motion."

To the same effect is the case of Powers v. Gouraud, 19 Misc. Rep. 268, 44 N. Y. Supp. 249.

Upon principle, and upon authority as well, we think the judgment and order appealed from should be reversed, and a new trial granted.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only, the facts having been examined, and no error found therein. All concur.