### FALKENBERG v. O'NEILL.

(Supreme Court, Appellate Term. May 19, 1904.)

1. SALES—FAILURE TO DELIVER—MEASURE OF DAMAGES.

Where the seller failed to deliver the goods, the measure of the buyer's damages was the difference between the contract price and the market value.

2. SAME—PURCHASER'S FAILURE TO ACCEPT—MEASURE OF DAMAGES.

Where the purchaser of goods refused to receive the same on delivery, the seller, in an action for damages, was entitled to the difference between the contract price and the sum for which the goods afterwards sold.

3. SAME—ACTION FOR DAMAGES—ISSUES—EVIDENCE—VERDICT.

The purchaser of shoes refused to receive those tendered on the ground that they were not the shoes that he had bought. Subsequently the seller sold the shoes tendered at a price $550 less than the contract price. The purchaser sued the seller for damages, and the seller counterclaimed for the difference between the agreed price and the price at which the shoes were afterwards sold, and the jury rendered a verdict for defendant for $200. *Held* that, inasmuch as under the evidence there should have been a verdict for defendant or for plaintiff for $550, the jury must have misunderstood the case, or have reached the verdict by way of compromise, and hence the entry of such a verdict was reversible error.

4. TRIAL—VERDICT AGAINST EVIDENCE—SETTING ASIDE VERDICT—COSTS.

On the setting aside of a verdict on the ground that it is contrary to the evidence, it should be conditioned on the payment of the costs of the trial by the moving party.

Appeal from City Court of New York, Trial Term.

Action by Jacob Falkenberg against Francis O'Neill. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Alfred Beckmann, for appellant.

Forbes J. Hennesy, for respondent.

SCOTT, J. We can find nothing in the record to sustain the verdict. It is undisputed that the plaintiff bought from defendant some 2,500 pairs of shoes at a lump sum price. When the time came for delivery, the plaintiff refused to accept the shoes tendered by defendant on the ground that they were not the shoes he bought, but were of much inferior quality and value. After waiting a reasonable time, the defendant, upon notice to plaintiff, sold the shoes which plaintiff had refused

¶ 1. See Sales, vol. 43, Cent. Dig. §§ 1175, 1195.

to receive at a price $550 less than the contract price between plaintiff and defendant. Plaintiff, claiming that the shoes he bought were worth much more than he agreed to pay for them, sues for his damages. Defendant counterclaims for the difference between the agreed price and the price at which the shoes were afterwards sold. The sole question litigated upon the trial was whether or not the shoes tendered to plaintiff were the same ones which he had bought, and on this question there was a sharp conflict of evidence. The learned trial justice correctly stated to the jury the rule which should guide them in the assessment of damages. If the plaintiff was right, and the shoes tendered him were not those he bought, he was entitled to the difference between the contract price and the market value. If the defendant was right, and the goods tendered were the same ones which had been sold, he was entitled to the difference between the contract price and the sum for which the shoes afterwards sold, and this difference was shown to be $550. In other words, there should have been either a verdict for plaintiff, or a verdict for defendant for $550, with interest. There was no room in the case for any intermediate verdict. The jury, however, did render a verdict for defendant for $200. This was equivalent to saying that defendant had tendered the same goods he sold, and that by plaintiff's refusal to accept them he had been injured to the extent of only $200, while the uncontradicted evidence was to the effect that, if defendant had been·injured at all, his damage was $550. The conclusion is inevitable either that the jury misunderstood the case and the instructions of the justice, or that the verdict was the result of a compromise. In either case the verdict was against the evidence, and inconsistent with it, and should have been set aside. The plaintiff is entitled to base his appeal upon this error. Powers v. Gouraud, 19 Misc. Rep. 268, 44 N. Y. Supp. 249; Myers v. Myers, 86 App. Div. 73, 83 N. Y. Supp. 236. The motion to set aside the verdict should have been granted, but according to the well-established practice it should have been conditioned upon the payment by plaintiff of the costs of the trial. Landrigan v. Brooklyn Heights R. R. Co., 23 App. Div. 43, 48 N. Y. Supp. 454.

Judgment and order reversed, and new trial granted on payment by plaintiff within 20 days of $30 trial fee; all other costs to abide the event. In default of the payment of said trial fee, judgment and order affirmed, with costs. All concur.