(51 Misc. Rep. 580.)

### LA ROSA et al. v. WILNER et al.

(Supreme Court, Appellate Term. November 14, 1906.)

**1. TRIAL—VERDICT—RESPONSIVENESS TO ISSUES.**

Where the issues were so framed that if the testimony on plaintiffs' behalf was believed they were entitled to recover $875, and if defendants' testimony in support of their counterclaim was believed the amount due them of $472.83 was undisputed, a general verdict in favor of defendants was unsustainable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 774, 775.]

**2. WITNESSES—EXAMINATION—NONRESPONSIVE ANSWER.**

Where, in an action for breach of a contract to manufacture lamps, the main issue was whether defendants had furnished sufficient materials at proper times to enable plaintiffs to perform their work according to the contract, and a witness was asked whether either of the plaintiffs ever complained to him that they did not have enough material to work with, to which he answered that they complained twice, "but that there was always plenty of material to work on," the motion to strike the last part of the answer as nonresponsive was improperly denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 861–863.]

**3. SAME.**

Where a witness was asked whether there was at any time a period during which plaintiffs were not supplied with materials sufficient for them to go ahead with their work, an answer that, so far as the witness knew, plaintiffs were always supplied with material to go ahead with the work, was objectionable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 861.]

Appeal from City Court of New York, Trial Term.

Action by Joseph La Rosa and another against Samuel Wilner and another. From a judgment of the New York City Court in favor of defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Abraham Oberstein, for appellants.

Jacob Rieger, for respondents.

GILDERSLEEVE, J. This action was brought by the plaintiffs to recover damages for an alleged breach of a written contract by the defendants. The agreement provided that the defendants should furnish materials and the plaintiffs should manufacture a certain quantity of electric lamps, known to the trade as "Search Lights" and "Alpha Lamps." The plaintiffs claimed that the breach of the contract on the part of the defendants consisted in their failure to furnish the material, and that for that reason they were prevented from fulfilling the terms of the contract. On the other hand, the defendants counterclaimed for damages, claiming that they did furnish materials,

and that plaintiffs failed to perform the contract on their part, to defendants' damage of $500. The jury found a general verdict "for the defendants."

The issues were so framed and the evidence so given that either the plaintiffs or the defendants were entitled to a verdict for a substantial sum of money. If the testimony on the part of the plaintiffs was believed, they were entitled to something like $875; and if the evidence givein on the part of the defendants was believed, the amount due them of $472.83 was undisputed. The jury, however, as before stated, found a verdict generally for the defendants, which the court refused to set aside upon motion made by the plaintiffs. This fact alone is sufficient to reverse the judgment and make a new trial necessary. Myers v. Myers, 86 App. Div. 73, 83 N. Y. Supp. 236.

Aside from this ground, it is evident that errors were committed upon the trial sufficient to warrant a reversal. The main issue litigated was whether or not the defendants furnished a sufficient quantity of material, at proper times, to enable the plaintiffs to perform their work according to the terms of the contract. Upon this issue the parties and their witnesses squarely differed, and the testimony upon this question was in sharp conflict. Upon the trial one of the defendants was asked:

"Did either one of the plaintiffs ever complain to you that they did not have enough material to work with?"

The answer made was:

"They complained twice that some part was necessary; but there was always plenty of material to work on."

A motion to strike out the latter part of the answer was made and denied, and an exception taken thereto. This should have been granted. While the question was one to which no objection could reasonably be made, that portion of the answer volunteered by the defendant was clearly improper. The same criticisms applies with equal force to a question asked later on, as follows:

"Will you state to the jury whether there was any time during the period when they were there that they were not supplied with materials sufficient for them to go ahead with this work?"

The answer was:

"So far as I know they were always supplied with material to go ahead with the work."

Again a motion to strike out this answer was made and refused, and an exception thereto taken. This question was asked of a witness other than the defendants themselves, and for the purpose of corroborating them in their contention that sufficient material to enable the plaintiffs to perform their work was furnished by them. Its retention was manifestly erroneous, and calls for a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

DOWLING, J., concurs. DUGRO, J., concurs in result.