(54 Misc. 626)

### WILMERDING et al. v. FELDMAN et al.

(Supreme Court, Appellate Term. June 6, 1907.)

NEW TRIAL—CONDITIONS—COSTS.

Where a verdict for plaintiff was set aside as contrary to the overwhelming weight of the evidence, plaintiffs were not entitled as a matter of law to costs as a condition to the granting of defendants' motion for a new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 322.]

Appeal from City Court of New York, Trial Term.

Action by John Currie Wilmerding and others against Joseph Feldman and another. From an order of the New York City Court, set-

ting aside a verdict and granting defendants a new trial, plaintiffs appeal. Affirmed.

See 98 N. Y. Supp. 688, 50 Misc. Rep. 341.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Blumensteil & Blumensteil (Emanuel Blumensteil, of counsel), for appellants.

Stroock & Stroock (Sol. M. Stroock and Frank Gardner, of counsel), for respondents.

PER CURIAM. The jury found a verdict for the plaintiffs. A motion was made by defendants to set aside the verdict, upon all the grounds set forth in section 999 of the Code of Civil Procedure. The court reserved decision, and subsequently granted the motion, without costs to either party, and handed down an opinion, which is annexed to the record, giving his reasons for so doing. From the order setting aside the verdict, without costs, and granting a new trial, the plaintiffs appeal.

In his opinion the learned court below says:

"The main point upon which the case hinged was whether or not the goods were sold to the competitors of the defendants in violation of the contract, and I am of opinion that the evidence on that disputed question was overwhelmingly in favor of the defendants."

The court then proceeds to analyze the testimony on this point. His statement of the proofs seems fair and substantially correct, and his reasons for setting aside the verdict appear well founded. The plaintiffs do not seem to have been entitled as a matter of law to costs as a condition for setting aside the verdict, because the verdict was set aside as unjust to the defendants, which injustice resulted without the fault or mistake of said defendants. Waltz v. Railway Co., 116 App. Div. 564, 101 N. Y. Supp. 968. As was said by Mr. Justice McLennan in the case here cited:

"If it be assumed that the inadequacy of the verdict resulted solely from the error, mistake, or misconduct of the jury (as in the case at bar the verdict for plaintiffs resulted), we are unable to see how or why the party moving for a new trial should be punished because of an injustice done him without fault on his part. * * * If the trial judge can see that the jury have probably rendered an insufficient (or, as in this case, unjust) verdict because of the fault or neglect of the party who moves to set it aside, but that justice still requires that a new trial be had, then certainly it should be granted upon condition that such party pay the costs of the trial. But in the case at bar no such condition is made to appear, and we must assume that the verdict rendered was unjust to the party moving to set it aside, and that such injustice resulted without fault or mistake on the part of such party."

The order should be affirmed, with $10 costs and disbursements.