SCHLEIFF v. BERGLAS et al.

(Supreme Court, Appellate Term. May 15, 1908.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—MEASURE OF DAMAGES.
    In an action for wrongful discharge, where there is no evidence as to how much, if anything, plaintiff earned during the remainder of the contract period, and plaintiff testifies to the length of the contract, the agreed wage, and that he looked for work, but found no other position, he is entitled to recover the full amount of his wages for the unexpired period of the contract.

2. DAMAGES—BREACH OF CONTRACT.

 In an action for wrongful discharge, plaintiff testified to a year's contract at $20 per week, and it appeared that he received only $100 for the eight weeks which he worked. There was no evidence that he had earned anything during the remainder of the year, though he testified that he looked for work, but found no other position. *Held*, that a verdict for $400 could not be sustained, notwithstanding the defendant testified that the wages were $15 per week, since no computation could result in the amount of the verdict, which appeared to be a compromise.

Appeal from City Court of New York, Trial Term.

Action by Morris Schleiff against Michael Pincus Berglas and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Louis Lichtenberg, for appellants.

John Bogart (J. J. Pantell, of counsel), for respondent.

GIEGERICH, J. The action was brought to recover damages for the wrongful discharge of the plaintiff, who claimed and testified to a year's contract with the defendants at $20 per week. The complaint alleges damages in the sum of $920, and the evidence of the plaintiff, although not very clear on the point, seems to show that he received only $100 for the eight weeks which he worked. The jury brought in a verdict for $400 damages.

There was no evidence as to how much, if anything, the plaintiff earned during the remaining 44 weeks of the year. He testified that he looked for work, but found no other position. Under such circumstances the plaintiff is entitled to recover the full amount of his wages for the unexpired period of the contract. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285. It is impossible to see on what theory the jury could have reached the amount of damages which they reported. The respondent suggests that the jury may have believed the respondent's testimony that the wages were $15 per week, instead of $20, as the plaintiff testified; but making this substitution would not enable us to arrive at the jury's result. The only conclusion seems to be that it was a compromise verdict of such a character as to require the judgment to be reversed. The case is quite similar in its facts to Myers v. Myers, 86 App. Div. 73, 83 N. Y. Supp. 236. See, also, Powers v. Gouraud, 19 Misc. Rep. 268, 44 N. Y. Supp. 249, and La Rosa v. Wilner, 51 Misc. Rep. 580, 101 N. Y. Supp. 193.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.