(77 Misc. Rep. 208.)

SCHEUER v. MANASHAW.

(City Court of New York, Trial Term. June, 1912.)

1. TRIAL (§ 315*)—VERDICT—COMPROMISE.

Where a verdict was the result of compromise, and showed on its face that, though the jury found for plaintiff, the amount awarded him was not in accordance with the evidence, it was subject to vacation.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 740, 741; Dec. Dig. § 315.*]

2. TRIAL (§ 317*)—COMPROMISE VERDICT—PREJUDICE.

Where plaintiff sued for $841.60, and the jury returned a compromise verdict for $250, which amount was not justified by any evidence in the case, defendant was entitled to have the same set aside, and to a new trial, though plaintiff made no objection thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 751, 752; Dec. Dig. § 317.*]

Action by Eleac Scheuer against Charles C. Manashaw. On motion to set aside a verdict for plaintiff, and for a new trial. Granted.

Louis Scheuer, of New York City, for plaintiff.
Michael H. Harris, of New York City, for defendant.

FINÆLITE, J. The jury having rendered a verdict in favor of the plaintiff for the sum of $250, defendant, on rendition of said verdict, failed to move to set the same aside. Thereafter, and before judgment was entered thereon by the plaintiff, the defendant at the same term moved to set aside the verdict, upon the ground that the same was a compromise one, and not rendered by the jury in accordance with the evidence.

The action was brought by the plaintiff to recover the sum of $1,316.67 for an alleged breach of contract of employment; the plaintiff contending that on the 30th of June, 1911, he entered into an oral agreement with the defendant wherein he was employed by the defendant as a salesman and designer of dress, cloak, and suit trimmings, and that said agreement was to commence on the 5th day of July, 1911, and to terminate on the 4th day of July, 1912, and that the defendant promised and agreed to pay said plaintiff for his services the sum of $25 per week for the first six months of said term, and the sum of $30 per week for the last six months of said term.

On the trial of the action said plaintiff reduced his damages to the sum of $841.60. The jury having rendered a verdict for the sum of $250, the same being a compromise verdict, said verdict cannot stand. Compromise verdicts are no longer allowed. It is now the settled law of this state that parties to the action can complain of compromise verdicts, and upon the complaint of either the verdict thus rendered must be set aside. As the jury found for the plaintiff, it is in general to be assumed that all material issues of fact raised by the pleadings and every question of fact litigated upon the trial were determined in favor of the plaintiff, and there

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is evidence to sustain a verdict in plaintiff's favor. But it would seem from the facts that the jury could not have agreed upon the sum of $250 as their award of damages to the plaintiff without either a misunderstanding or a sacrifice of principle.

[1] The verdict seems to have been the result of a compromise. Having reached the conclusion that the plaintiff had established a cause of action, it was their duty to award him the compensation called for by the evidence. Had this motion to set aside the verdict been made by the plaintiff, there could be no question as to the propriety of granting it. See McDonald v. Walter, 40 N. Y. 551. But the plaintiff is content with the verdict, and vigorously opposes this motion to set it aside.

[2] Does it lie with the defendant to object to the inadequacy of the amount awarded to plaintiff? To be sure, defendant's contention is based on the ground that the verdict is a compromise, contrary to evidence, and contrary to law. In McDonald v. Walter, supra, the Court of Appeals strongly maintained the doctrine that a verdict should be set aside for inadequacy of damages just as much as for excessive damages. At 19 Misc. Rep. 272, 44 N. Y. Supp. 252, the court said:

"The question presented on this motion is this: Does the amount of the verdict show that the jury, in determining the case, either wholly disregarded the evidence, or misapprehended its effect, or overlooked some important fact, or necessarily found some fact in favor of defendant which is wholly inconsistent with a verdict for any amount in favor of the plaintiff? After a careful consideration of the case, I am constrained to answer this question in the affirmative. The verdict is clearly the result of a compromise, and is unwarranted by the evidence. The verdict clearly shows that it is the result of a compromise and that the jury either misunderstood or wholly disregarded the evidence." Powers v. Gouraud, 19 Misc. Rep. 268, 44 N. Y. Supp. 249; Myers v. Myers, 86 App. Div. 73, 75, 83 N. Y. Supp. 236; Oliver v. Moore, 12 N. Y. Supp. 343;[1] Bigelow v. Garwitz, 15 N. Y. Supp. 940.[2]

In section 999 of the Code of Civil Procedure the court has the inherent power, where a verdict is rendered by a jury against the weight of evidence, and it is apparent that the jury misapprehended the evidence, to set aside the verdict. Schmidt v. Brown, 80 Hun, 183, 30 N. Y. Supp. 68. As to the question of terms that may be imposed for the setting aside of the verdict and granting a new trial, it has been held and decided where a verdict is rendered by a jury under a misapprehension or where the verdict is a compromise one, the party in whose favor the new trial is granted should not be penalized by the imposition of costs. Wilmerding v. Feldman, 54 Misc. Rep. 626, 104 N. Y. Supp. 776; Duffy v. City of N. Y., 55 Misc. Rep. 25, 105 N. Y. Supp. 68; Rothenberg v. Brooklyn Heights R. R., 135 App. Div. 151, 119 N. Y. Supp. 1001.

The motion to set aside the verdict of the jury is therefore granted, without costs. Settle on one day's notice.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 58 Hun, 609.

[2] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 61 Hun, 624.