---

(78 Misc. Rep. 161.)

### BAND v. BINDSEIL et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

TRIAL (§ 340*)—VERDICT—CORRECTION AND AMENDMENT—NOTICE.

While, where the verdict does not correctly embody the finding of the jury, the court has power, after notice, to order correction of it, to conform to the actual finding, it may not, without motion, and without due notice, on mere publication, by its direction, of notice in the Law Journal (after entering of the sealed verdict, denial of motion to set it aside, and final discharge of the jury), that counsel in the case appear in court on a certain day, direct a material and substantial alteration of the verdict, on unverified statements of the jurors as to what they meant by their verdict, on ex parte application, in the absence of the party against whom the change is made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 795–799; Dec. Dig. § 340.*]

Appeal from City Court of New York, Trial Term.

Action by Jack Band against Herman F. Bindseil and another. From a judgment for defendants on their counterclaim, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for appellant.

B. Gerson Oppenheim, of New York City (Louis M. Shimel, of New York City, of counsel), for respondents.

GUY, J. Plaintiff sues to recover for damages to certain skins delivered by him to defendants for dyeing, which damage he alleges

was due to defendants' negligent manner of handling the skins during the process of dyeing. The answer denies defendants' negligence and sets up a counterclaim for work, labor, and services in dyeing the skins in question.

Upon the issues thus presented the case went to the jury on Thursday, December 7, 1911, late in the afternoon. The following day, to wit, December 8, 1911, was set aside by the trial justice for the hearing of another case, and both parties and counsel, not desiring to wait until Monday for the disposition of the action, consented in open court—

"that a sealed verdict be ordered, counsel for both sides consenting that the verdict be accepted to-morrow morning without requiring the presence of jurors."

A sealed verdict was ordered accordingly, and on the following day, in the presence of both counsel, but in the absence of the jury, this verdict was opened. The verdict read:

"The jury say by their sealed verdict that they find for the defendant."

Counsel for plaintiff thereupon moved to set aside the verdict upon the usual grounds, and also upon the ground that—

"either the plaintiff or the defendants were entitled to a verdict for a definite sum, that as the verdict stood it was a compromise verdict, and that under the decision of this court in La Rosa v. Wilner, 51 Misc. Rep. 580, 101 N. Y. Supp. 193, such verdict cannot stand."

This motion was denied, and exception duly taken. The court then granted 10 days' stay of execution and 30 days to make and serve a case. On the following day, to wit, on the 9th day of December, 1911, a notice appeared in the Law Journal that counsel in the case were requested to appear in court on Monday morning, December 11th, at 10 a. m. Counsel for plaintiff did not notice the announcement in the Law Journal, and failed to appear in court on Monday, December 11, 1911, pursuant to the announcement. On the following Monday, in the absence of plaintiff or his counsel, counsel for defendants being the only one appearing, the court inquired from the jury what they meant by their verdict "for the defendant," asking whether, by their verdict for the defendant, they meant to say—

"for the defendant for the amount of its claim, $111.06, or whether they meant to say that they found for the plaintiff and that his damages were offset by the amount of the defendants' claim."

The foreman replied that the jury intended to find its verdict for the defendant for the full amount, and at the request of the attorney for the defendants the jury were polled. The attorney for the defendants then also requested that the plaintiff be given the usual stay and time to make a case, which was granted. Plaintiff thereafter moved upon an order to show cause, returnable before the trial court, why all proceedings taken after December 8, 1911, should not be declared null and void, and why the judgment entered in favor of the defendants upon their said counterclaim, and the costs of the action, should not be set aside, and why, in the event said motion is denied, the plaintiff should not be permitted to again move to set aside the

verdict upon the usual grounds, without prejudice to his claim that the said amended verdict was irregular and void. This motion came up before the trial court and was denied, and plaintiff appeals from this order and from the judgment.

The main contention upon this appeal is that the amended verdict and the judgment based thereon are irregular and void, because all the proceedings connected with the altering of the verdict were had in the absence of plaintiff and without proper notice to him or his counsel. There can be no question that, where a verdict as recorded does not correctly embody the finding of the jury, the trial court has power, after due notice to all parties affected by the verdict and the judgment to be entered thereon, to order a correction of the verdict, so as to conform with the actual finding of the jury. Hodgkins v. Mead, 119 N. Y. 166, 23 N. E. 559; Wirt v. Reid, 138 App. Div. 761, 123 N. Y. Supp. 706; Dalrymple v. Williams, 63 N. Y. 361, 20 Am. Rep. 544. In this case, however, the matter did not come before the court on motion, with service of notice of motion and a copy of the moving papers upon plaintiff's counsel; and the mere publication, by direction of the court, of a notice in the Law Journal (after the entering of the sealed verdict, the denial of the subsequent motion to set aside the verdict, and the final discharge of the jury), that counsel were required to appear in court on a specified future day, with no intimation of the purpose for which their attendance was required, does not constitute sufficient notice to place the plaintiff in default, or to justify the court, in the absence of plaintiff's counsel, in directing the correction of the verdict in a manner which substantially and materially altered its character. The plaintiff was entitled to due notice of the pendency of such a motion, of the ground upon which the motion was made, and to be heard in court, if he so desired, in opposition thereto.

It is urged with some force that, as the weight of the evidence was strongly in favor of the defendant, and as, under the law as laid down by the court in its charge, the defendant would have been entitled to a verdict on his counterclaim, if the jury found against the plaintiff on plaintiff's alleged cause of action, the judgment based on the altered verdict should not now be disturbed. But while our courts have very generally recognized the power of trial courts to correct manifest errors or omissions in verdicts as entered, when the matter has been duly brought to the court's attention upon motion properly made, with due notice, and when it appears by competent proof that the verdict does not conform to the actual finding of the jury, this would not justify a trial court, on the unverified statements of foremen jurymen made in the absence of the party against whom the verdict has been rendered, and without notice to him of the pendency of any such motion, in granting an ex parte application to materially and substantially alter the character of a verdict and the judgment to be entered thereon. In the interest of the proper and orderly administration of justice, we deem it necessary that such irregular practice shall be discountenanced.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.