### ZEILIAN v. JAMES BEGGS & CO.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. SALES (§ 397*)—RECOVERY OF PRICE—EVIDENCE—WEIGHT.

　　In an action to recover back money paid under a contract for the purchase of machinery, which originally required payment in advance or a guaranty of performance by the purchaser, which was subsequently modified, as claimed by plaintiff, to require delivery of the machinery without any guaranty or payment in advance of the greater portion of the price, a verdict for plaintiff *held* to be against the weight of the evidence.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1136; Dec. Dig. § 397.*]

2. TRIAL (§ 337*)—VERDICT—DISREGARD OF INSTRUCTIONS.

　　In an action to recover back money paid under a contract of sale, in which defendant counterclaimed for breach of the modified contract by plaintiff, the evidence showed that defendant had actually expended about $700 in carrying out the contract on its part. The court charged that if plaintiff's theory of the modification were true he was entitled

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to recover back the money paid, but that if defendant's theory were true plaintiff could not recover anything, and defendant was entitled to its damages for plaintiff's breach of contract. The jury allowed plaintiff the amount paid less the $700 expended by defendant. *Held*, that the verdict did not follow the instructions, and was not determinative of the issue submitted, as to which party broke the contract, and hence the judgment thereon would be reversed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 790; Dec. Dig. § 337.*]

Appeal from Trial Term, New York County.

Action by Edgar Zeilian, as receiver of the Co-operative Plate Ice Company, against James Beggs & Co. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Putney, Twombly & Putney, of New York City, for appellant.
William S. Bennet, of New York City, for respondent.

McLAUGHLIN, J. Action to recover $5,000 paid by the corporation of which plaintiff is the receiver to apply upon a contract for the purchase of certain machinery. The answer set up, as a defense, that the corporation had failed to perform the contract on its part, and also, by way of counterclaim, such breach, which entitled it to damages, for which judgment was demanded. The plaintiff had a verdict for the amount claimed, less $700, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

The facts necessary to be considered in disposing of the question presented by the appeal are substantially as follows: On the 8th of January, 1907, the Co-operative Plate Ice Company made a contract with the defendant to purchase from it certain machinery to be used in the manufacture of ice in the city of Baltimore. The contract consisted of a written proposal by defendant to furnish the machinery at a price stated, and a letter of acceptance by the Ice Company. It provided that the first engine should be installed and ready for operation before May 15, 1907, and the remainder within one month thereafter. The entire purchase price was $38,300, of which $5,000 was to be paid upon the installation of the first engine, $8,300 when the rest of the machinery was installed, and the balance, $25,000, when all the machinery had been installed, by the Ice Company's giving two notes, payable four months after date. It further provided that the notes were to be indorsed, and the performance of the entire contract by the Ice Company guaranteed, by a person acceptable to it. The Ice Company was formed shortly prior to the making of the contract, and practically its only assets at that time were unpaid subscriptions to its capital stock, which aggregated about $65,000.

The fact is undisputed that the Ice Company was unable to obtain a guarantor to the performance of the contract on its part, by reason of which the contract was modified, by providing that, without

waiting for the delivery of any machinery, the Ice Company was to pay $5,000 in cash, which was paid—$2,500 on January 21, 1907, and a like amount on January 28th following. No further payments were made, and, with the exception of a few articles of small value, none of the machinery was delivered. It is to recover the money thus paid that this action is brought.

[1] The question presented is whether, under the terms of the contract as modified, the Ice Company was entitled to recover back the amount paid, or bound to do anything further before becoming entitled to a performance by the defendant. The only evidence offered on the part·of plaintiff, as to the terms of the modification, was the testimony of the witness Stockham, who was president of the Ice Company at the time. He testified that a short time after making the original contract he notified defendant of the inability of the Ice Company to obtain a guarantor, and thereupon the defendant, acting through one Eells, one of its officers, agreed if $5,000 were paid immediately, instead of upon the installation of the first engine, defendant would proceed to deliver all of the machinery and accept payment for the balance as the Ice Company collected the subscriptions to its stock, that the amount sought to be recovered was paid in accordance with that agreement, and that the machinery was not delivered. The testimony of Stockham is not only indefinite, but unsatisfactory. On cross-examination he admitted that defendant did not agree to ask for no further payment, after the $5,000 was paid, until the money had been collected from the subscribers to the stock, and he finally admitted that he did not know what the modification agreement was. He stated that, notwithstanding the modification, he had intended to continue looking for an indorser or guarantor. Nearly every other question put to him on cross-examination he avoided answering, by stating he did not remember.

Opposed to his testimony is the testimony of Eells, who testified that he had orally agreed with Stockham that the Ice Company should have an option, either to obtain an indorser and guarantor, as called for by the original contract, or to make payments from time to time in advance of the delivery of the machinery and in accordance with a memorandum which was delivered to Stockham at the time the contract was modified; that if a satisfactory guarantor were not obtained, then the Ice Company would have to make cash payments, amounting to $15,000 or $20,000, before the defendant would be required to deliver any of the machinery; that $5,000 was paid in accordance with this arrangement, but no further payments were ever made; and for that reason the machinery was not delivered. Eells was corroborated by a witness who, at the time the contract was modified, was in the employ of the Ice Company as its superintending engineer, and was present at the conversation between Stockham and Eells.

The plaintiff introduced in evidence a letter of January 26, 1907, received by Stockham from Eells, acknowledging the receipt of a part of the $5,000, in which Eells stated that he would thereafter send a letter embodying the modification of the contract dispensing with the guarantor if the Ice Company made "cash payments as per memoran-

dum we gave you"; also another letter, dated February 20, 1907, from Eells to Stockham, in which the statement was made:

"Of course, as you can well understand, we cannot go ahead too far with this work until you have had the account guaranteed as called for in the contract, or proceed with making the payments as arranged with the writer, in lieu of the guaranty, and unless this matter is fixed up promptly we will be compelled, in justice to ourselves, to have the work stopped. We do not wish to do this, and therefore trust you will either proceed with making the payments as arranged with the writer, in lieu of the guaranty, or have the account guaranteed as called for in the contract."

The account was never guaranteed, no further payments. were made, and the defendant stopped work on the machinery, and none of it was furnished.

I am of the opinion that a verdict in favor of the plaintiff is against the weight of evidence. According to the original contract, the performance by the Ice Company of its contract had to be guaranteed, and when a guarantor could not be obtained, then the contract was modified by permitting the Ice Company to make cash payments according to a memorandum delivered. The fact that a memorandum was delivered is not denied by Stockham, nor did he deny that the payments were to be made as stated by Eells, and specified in the memorandum, except, as stated in his direct examination, that the defendant was to be paid when the payments for its stock were received. It is incredible that the defendant, having insisted from the start that it would not furnish the machinery unless payment for the same were guaranteed by some responsible person, would thereafter proceed to manufacture and deliver machinery, the purchase price of which amounted to $38,300, and agree that the same need not be paid for, except out of the amount received for subscriptions to the stock. When the testimony offered on the part of the defendant is considered in connection with the unsatisfactory testimony offered by the plaintiff, it appears that the jury misapprehended the force of the evidence.

[2] Not only this, but the verdict shows that the jury misapprehended the issue submitted to it. The court charged, and the jury was bound to follow the instruction, that if plaintiff's account of the modification were true he was entitled to recover $5,000, with interest; but if the defendant's account were true then plaintiff was not entitled to anything, and the defendant in that case was entitled to recover the amount proved as damages for the breach of the contract by the Ice Company. The proof showed that the defendant had actually expended about $700 in carrying out the contract on its part. The jury awarded plaintiff $5,000, less the $700 expenses thus incurred. Such finding is inconsistent with the rule of law as laid down by the court. If the plaintiff were entitled to recover at all, he was entitled to recover $5,000 and interest. If the defendant were entitled to recover, it was the amount of its profits, without regard to the $5,000 paid, because in that case plaintiff had failed to perform on its part. It is impossible, from the verdict rendered, to determine whether the jury found the Ice Company or the defendant broke the contract. That was the issue submitted to it, and the defendant had

a right to have that issue passed upon. Myers v. Myers, 86 App. Div. 73, 83 N. Y. Supp. 236; Gray v. Brooklyn Heights R. R. Co., 72 App. Div. 454, 76 N. Y. Supp. 24.

In reversing the judgment in the Myers Case the court said (and it is equally applicable here) that:

"Parties to a litigation, the defendant as well as the plaintiff, are entitled to have the issues submitted to the jury decided solely upon the evidence, and either party has just cause for complaint if that is not done. In the case at bar the defendant was entitled to have the jury determine whether plaintiff's rate of compensation was $40 or $25 per month, that being the only issue which was properly before them for consideration; and he was entitled to have that issue determined, uninfluenced by any plan of compromise as to the amount which should be awarded as a result of the decision upon that issue. The verdict rendered was clearly a compromise, and whether or not it unfavorably affected the defendant it is impossible to say. It is sufficient that it was not justified by the evidence, and therefore the judgment entered thereon should be reversed."

The judgment and order appealed from, therefore, are reversed, as against the evidence, and a new trial ordered, with costs to appellant to abide event. The findings as to the modification of the contract waiving satisfactory security and for advanced payments are reversed. All concur.