W. BURNS TRUNDLE and LEIGH BONSAL, as Receivers of the CO-OPERATIVE PLATE ICE COMPANY and the BALTIMORE PLATE ICE COMPANY, Respondents, v. JAMES BEGGS & COMPANY, Appellant.

First Department, January 18, 1918.

Sale — breach of contract — action to recover payments upon theory of abandonment and rescission by seller — evidence — appeal — effect of directed verdict.

A corporation promised to obtain guarantors for the performance of a contract to purchase machinery of the defendant of the value of about $38,000, but upon failure to obtain such guarantors the contract was modified

permitting the corporation to pay $5,000 in cash at once, which it did, and to make further payments before the property was delivered. No guarantor was furnished and no further sums were paid and the defendant did not make delivery. In an action by receivers of the corporation to recover the $5,000 upon the theory that the contract was abandoned and rescinded, evidence examined, and

*Held,* that findings that the defendant had made default in performance, and that plaintiff had duly performed all conditions precedent, should be reversed and a new trial granted.

A motion for a directed verdict is simply a submission to the court to decide the facts as well as the law, and a decision of fact so made is subject to review and should be reversed if against the weight of evidence.

APPEAL by the defendant, James Beggs & Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 5th day of February, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 8th day of February, 1916, denying defendant's motion for a new trial made upon the minutes.

*Henry B. Twombly* of counsel [*Lemuel Skidmore, Jr.,* with him on the brief], *Putney, Twombly & Putney,* attorneys], for the appellant.

*William S. Bennet,* for the respondents.

SMITH, J.:

The Co-operative Plate Ice Company, a corporation newly formed, whose name was legally changed to Baltimore Plate Ice Company, sought to buy some machinery from the defendant of the value of about $38,000, and agreed to present to the defendant a guarantor of its contract. They were unable to present that guarantor and the parties thereafter modified the agreement, permitting the plaintiff, instead of furnishing a guarantor, to make certain payments upon the contract prior to the delivery of the machinery sought to be purchased. The payments thus permitted to be made in substitution for the guaranty consisted of $5,000 to be made at once, which payment was in fact made. It consisted also of the payment of the further sums within about three months and before the property was

to be delivered, amounting to about $25,000. The plaintiffs endeavored to show that $5,000 only was required to be paid before the delivery of the machinery as the substituted agreement, but the evidence is so improbable and so unsatisfactory, and the correspondence subsequent to the making of this substituted agreement, showing the constant endeavor on the part of the plaintiffs to get the guarantor for their contract, indicate positively to my mind that the defendant never agreed to deliver that machinery upon an advance payment of only $5,000.

No guarantor was ever furnished and no further sums were ever paid, and the defendant did not make delivery of the machinery. Plaintiffs have sued to recover this $5,000 upon the theory that the contract was abandoned and rescinded, and that the plaintiffs thereby became entitled to recover this amount.

The defendant's answer to the action is, *first*, that the plaintiff has violated its agreement by failing to furnish a guarantor as provided in the original agreement, and by failing to make the additional payments as provided in the substituted agreement and, therefore, is not entitled to recover back any sum paid upon the contract; and *second*, that the failure of the plaintiff to perform its agreement authorized the defendant to recover its damages sustained, which are shown to have been upwards of $5,000. At the end of the trial both plaintiffs and defendant moved for a directed verdict, and a verdict was directed in favor of the plaintiffs for the full amount claimed. It is from that judgment so directed that this appeal is taken, as well as from an order denying a motion for a new trial.

Upon this appeal the plaintiffs contend that by the motions made both by plaintiffs and defendant for a directed verdict, the right of recovery was submitted to the trial judge to decide as a matter of law and the facts are thereby deemed established. But such is not the effect of those motions. A motion made for a directed verdict is simply a submission to the court to decide the facts as well as the law, and that decision of fact is subject to review with like effect as a decision of fact submitted in any case to a single judge, and should be reversed if the same be against the

weight of evidence. This case was heard upon a prior appeal wherein the plaintiff secured a verdict, and this court reversed the judgment .founded thereupon as against the weight of evidence. (See *Zeilian* v. *Beggs & Co.*, 153 App. Div. 687.) The evidence is no stronger here than it was in the case there presented, but even apart from that decision I am unable to see how any judgment could be sustained which would charge the defendant as in default for a breach of this contract. The evidence to my mind clearly indicates every endeavor on the part of the defendant to perform the contract and to make the plaintiff perform its contract, and the persistent failure of the plaintiff either to furnish a guarantor or to pay the different sums of money which were provided for in the substituted agreement. It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

The findings that the defendant had made default in performance and that plaintiff had duly performed all conditions precedent are reversed.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.